# THE STATE v. MAXWELL.

1. **Evidence:** CRIMINAL LAW: OPINION OF WITNESS. A witness who, upon direct examination, had testified only to the fact of discovering defendant in her house in the night time, could not be asked upon cross-examination if she had not subsequently stated that she did not "think defendant intended to steal anything."

2. **Criminal Law:** INTENT TO COMMIT CRIME: EVIDENCE. The intent with which an act is committed is not of the nature to be established by direct proof, but may be derived from the facts and circumstances attending the act.

3. ——: ——: CIRCUMSTANTIAL PROOF. Where the act itself is sought to be established by circumstantial evidence, the proof must exclude every other hypothesis than that of the prisoner's guilt; *aliter*, if the act is admitted or proved by direct testimony. and the intent with which it is committed is only in question.

4. ——: INTENT: DRUNKENNESS: EVIDENCE. Drunkenness is no excuse for crime, but where a specific intent is necessary to constitute the crime, proof of drunkenness is admissible to show that the defendant could not have consciously formed or acted upon the intent at the time the alleged crime was committed.

5. ——: BURGLARY: INCLUDES "ENTERING." An indictment for burglary includes the offense of entering a dwelling in the night time without breaking, and will sustain a conviction for the latter offense.

6. **Practice:** CRIMINAL LAW: JURY. Where the jury had been fully instructed and after retirement communicated to the court that they had no doubt that defendant committed the act charged, but were in doubt respecting the intent, it was not error for the court to refuse to discharge them, or fail to instruct them to bring in a verdict of acquittal.

7. ——: ——: VERDICT. Under an indictment for burglary, the jury found the defendant guilty of entering a dwelling; *Held*, that the court properly regarded the verdict only as special and directed them to reconsider it.

## *Appeal from Polk District Court.*

### THURSDAY, DECEMBER 16.

ON the 18th day of November, 1874, the defendant was indicted by the name of John Mack, for the crime of burglary. Upon his arraignment he answered that his name was John

The State v. Maxwell.

Maxwell, and pleaded not guilty. He was found guilty of entering the dwelling house of Charles E. Gale, in the night time, without breaking, with intent to commit larceny, as stated in the indictment, and was sentenced to the penitentiary for one year. Defendant appeals.

*McHenry & Bowen*, for appellant.

If no felony was actually committed in the house entered by defendant, the felonious intent must be distinctly proved. (3 Greenl. on Ev., § 82.) Where a criminal intent is to be established by circumstantial evidence, the proof ought not only to be consistent with defendant's guilt, but inconsistent with any other rational conclusion. (1 Greenl. on Ev., § 13; *State v. Ostrander*, 18 Iowa, 459; *Commonwealth v. Cobb*, 14 Gray, 57.) Where an act done is innocent in itself and criminal only when done with a corrupt and malicious motive, a jury may infer from the intoxication of defendant a want of criminal intention. (*State v. Bell*, 29 Iowa, 316.) No mere weight of evidence is sufficient to convict unless it exclude all reasonable doubt. (*State v. Ostrander, supra*.) There are no degrees of burglary and one indicted for that crime cannot be convicted of another. (Code, § 3891.)

*M. E. Cutts, Attorney General*, for the State.

DAY, J.—I. Mrs. Ellen E. Gale was produced as a witness for the State, and she testified circumstantially to the fact of

1. EVIDENCE: criminal law: opinion of witness.

the defendant being found in the house of her husband, Charles Gale, about 12 o'clock on the night of May 20th, 1874. Upon cross-examination this witness was asked if she did not state to Mrs. Messer, the mother of defendant, the day after he was found in the house, that she did not think he intended to do any harm, or to steal anything, for he had plenty of time to have got out after she called her husband, and he did not do it. This question was objected to as immaterial, and the answer was excluded.

In this there was no error. The witness upon her direct

examination had testified only to facts, and had not expressed any opinion as to the intention of the defendant in the house. Whatever her opinion may have been, it was immaterial and inadmissible.

The defendant could neither be convicted nor acquitted upon the opinion of this witness as to his intention. It is urged by appellant that the question was admissible for the purpose of laying the foundation for impeachment. But a witness cannot be impeached upon an immaterial matter.

II. The defendant asked the court to instruct as follows: " 3. If you fail to find from the evidence that the defendant did actually steal in the house, then, in that case, the intent to steal in the house at that time must be distinctly proved before you can find the defendant guilty."

The court refused to give this instruction, and directed the jury as follows: " 11. The intent with which an act is committed being but a mental state of the party 2. CRIMINAL accused, direct proof of it is not required. Nor, law: intent to commit indeed, can it ordinarily be so shown; but it is crime. generally derived from and established by all the facts and circumstances attending the doing of the act complained of, as disclosed by the evidence; and in this case the intent with which the defendant entered the dwelling house of Gale, if he did enter it, must be determined by you from all the evidence in the case."

" 12. It is not necessary that the prosecution should show that the defendant actually stole anything, but it is sufficient if it appear to your satisfaction, from his conduct, words and acts, in connection with what was at the time done by Gale and his wife, and from all the other facts and circumstances disclosed by the evidence, that he broke and entered the house, intending to do so."

The court also instructed: " 3. To establish his guilt, the evidence should be such as to satisfy your minds beyond a reasonable doubt, not a barely possible doubt, nor a captious or imaginary or forced doubt, nor a doubt sought after outside of the evidence, but a reasonable doubt; that is, such a doubt as naturally and spontaneously arises in, or suggests itself to,

your minds as reasonable men, after a full, careful and considerate examination of all the evidence in the case."

Although section 82 of 3 Greenleaf on Evidence tends to support the instruction asked by defendant, yet we feel satisfied that the better reason favors the rule as announced by the court.

If the intent must have distinct and substantive proof, it would almost always be impossible to convict where the defendant did not succeed in going beyond the mere breaking and entering, for no one could tell what his ultimate intention was—whether to commit a public offense, or merely to obtain shelter for the night.

The proper doctrine, we think, is that announced in Wharton's Criminal Law, Sec. 1600, as follows: "The intent may be inferred from the facts. Thus, where a man was found in the night time in the chimney of a shop, just above the mantel piece, and before he had entered the shop, the jury found him guilty of burglary with the intent to steal, upon this evidence only, and the judges confirmed the conviction. * * * * * The very fact of a man's breaking and entering a dwelling house in the night time is strong presumptive evidence that he did so with intent to steal, and the jury will be warranted in finding him guilty, unless the contrary be proved."

The defendant also complains of the refusal of the court to give the following instruction: "2. Unless you find from the testimony that the defendant broke and entered the house with intent to steal, he cannot be found guilty as charged in the indictment, for the criminal intent charged is indispensable to constitute the crime. And where a criminal intent is to be established by circumstantial evidence, the proof ought to be not only consistent with the defendant's guilt, but it must be wholly inconsistent with any other rational conclusion, than that of the defendant's guilt."

The first branch of this instruction is fully covered by the seventh instruction given by the court, in which the court directed the jury to find the defendant not guilty if they failed

to find that defendant entered the house with intent to commit larceny.

Upon the second branch of the instruction appellant cites and relies upon 1 Greenleaf on Evidence, Sec. 13; *State v. Ostrander*, 13 Iowa, 459; *The Commonwealth v. Cobb*, 14 Gray, 57, in which it is announced that when a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with any other rational conclusion.

This rule is proper when the *act* which is claimed to be criminal is sought to be established by circumstantial testi-

3. ——: ——: circumstantial proof. mony. But when the *act* is proved by direct testimony, and all that remains to be found is the intent which accompanied the act, and which may be inferred from the circumstances accompanying the act, then this principle does not apply, and the true rule is that given by the court.

III. There was testimony tending to show that defendant was in a state of intoxication when he was found in the house

4. ——: intent: drunkenness: evidence. in question. Respecting this the defendant asked the court to instruct as follows: " 1. If you find from the evidence that at the time defendant was found in the house, he was drunk, and got in there through drunkenness, without knowing where he was, and with no intent to steal or commit crime, then in that case you should find him not guilty."

The court refused this instruction and gave the following: "4. If you find from the evidence that defendant entered the dwelling house of Gale, and that at the time he went in he was drunk, and went in unconsciously, through drunkenness, not knowing where he was or what he was doing, and without any intent to steal or commit any other crime, then he would not be criminally responsible for what he is shown to have done." "5. Drunkenness is no excuse for crime, and in this case the evidence before you tending to show that the defendant at or near the time of the alleged crime was drunk, was not admitted for the purpose of excusing the offense, but for the purpose of showing that he was so uncon-

scious at the time that he could have no criminal intent in what he did, and if you fail to find that he was so unconscious, then the evidence of his drunkenness should have no weight, but should be entirely disregarded by you in arriving at your verdict." "6. As men do not, while in possession of their usual senses, act without some motive, purpose or intent, if the defendant in this case was not at the time he entered the house of Gale, if he did enter it, so drunk that he did not know what he was doing, that is, if he was not unconscious of what he was doing, the law presumes that that entrance was for some purpose and with some intent, and it is for you to determine from all the evidence in this case, whether he was at the time unconscious, and if not unconscious, then whether he entered the house with intent to commit larceny." The instruction asked and refused is almost in the exact language of that asked in *The State v. Bell*, 29 Iowa, 316, and which it was held should have been given. But the fourth instruction given by the court embraces the same principle, and is equally favorable to defendant. Instructions five and six present proper qualifications of the defense of drunkenness, and they were properly given. See *State v. Bell, supra;* Wharton's Criminal Law, sections 41–44.

IV. The defendant asked the following instructions: "4. If you find from the evidence that the door of the house was left open, and that the defendant entered through the door without opening it, then, in that case, even if he entered with intent to steal, he is not guilty of the crime of burglary, and you must find him not guilty." The court refused this and gave the following: "8. If any person, with intent to commit any public offense in the night time, enter any dwelling house without breaking, he is guilty of a crime under the laws of this State, and this latter crime is necessarily included in that of burglary." The instruction given is correct. A charge of breaking and entering a building in the night time of necessity includes the charge of entering in the night time. Section 4466 of the Code provides: "In all other cases the defendant may be found guilty of any offense, the commission of which is necessarily included in

that with which he is charged in the indictment." See Code 1873, section 3894.

V. After the jury had retired to consider of their verdict, they sent to the court a communication signed by their fore-man, as follows: "Your Honor: We, the jury, agree that the defendant, John Mack, is guilty of breaking into Charles E. Gale's house, with a doubt of his intention to commit larceny. Can your honor further assist us in the case?" It does not appear that any response was made to this communication.

6. PRACTICE: criminal law: jury.

Appellant insists that when this communication was handed to the court, the jury should have been called in and instructed that if they had a reasonable doubt as to the intention to commit larceny, it was their duty to bring in a verdict of acquittal. But the court had fully instructed the jury as to all the essential elements of the offense; had told them that if they failed to find that defendant entered the house with intent to commit larceny, they must acquit him, and that before they could convict they must be satisfied of his guilt beyond a reasonable doubt. The court had fully and correctly given the law. The jury had difficulty with a question of fact, and with that it was not the province of the court, at that time, to interfere.

VI. The jury afterwards returned the following verdict, which the court refused to accept: "We, the jury, find the defendant guilty of entering the house of Charles E. Gale, in the night time, as stated in the indictment, and recommend the mercies of the court." Appellant claims that this verdict was, in effect, a verdict of acquittal, and that a judgment of acquittal should have been rendered thereon. This position is not sound. The most that can be said of the verdict is that it is special, and fails to respond to all the facts necessary to the rendition of a judgment. See section 4474 of Code. The court, therefore, had a right to direct the jury to reconsider it. See section 4468.

7. ———: ———: verdict.

VII. It is claimed, lastly, that the verdict is not supported by the testimony. That the defendant was found in the house in question, at the time charged, is clearly proved. Upon the

question of his intoxication and the degree of intoxication, the evidence is conflicting. We would have been better pleased with a verdict of acquittal upon this ground, but the evidence is not of such a character as to justify a disturbance of the verdict by us, upon the ground that the evidence does not support it.

AFFIRMED.