## THE STATE v. FOX.

1. **Burglary:** INDICTMENT: OWNERSHIP OF HOUSE. In an indictment for burglary, an averment that the house entered was a dwelling-house belonging to one F. sufficiently charges the ownership of the house.

2. ———: ———: INTENT: DUPLICITY. An indictment for burglary is not bad because it alleges two unlawful purposes on the part of the defendant in entering the house, since the intent does not constitute the crime, though it is an essential ingredient of it.

3. ———: IN NIGHT-TIME: PRESUMPTION OF UNLAWFUL PURPOSE. An instruction that if defendant broke and entered the dwelling-house of another in the night-time, the presumption would arise that he did so with the intention of committing a public offense, but that such presumption might be overcome by evidence, is approved. (See opinion for citations.)

4. ———: EVIDENCE TO SUPPORT VERDICT. Where the breaking and entering were proved, and defendant was clearly identified while in the house, and his intent to commit a felony was established by presumptions of law arising upon the facts of the case, a verdict finding defendant guilty of burglary was supported by the evidence.

*Appeal from Kossuth District Court.*—HON. GEO. H. CARR, Judge.

FILED, MAY 27, 1890.

DEFENDANT was indicted and convicted of the crime of burglary, and now appeals to this court.

*H. S. Vaughn*, for appellant.

*J. Y. Stone*, Attorney General, for the State.

BECK, J.—I. The indictment charges that defendant did feloniously and burglariously break and enter a dwelling-house, "with intent there and then to take, steal and carry away the property of George W. Flock, and then and there to commit a public offense, to-wit,

The State v. Fox.

larceny, and with intent then and there to commit adultery with one Hattie Price, contrary to statute," etc.

II.   Counsel first insist that the indictment, in alleging that the house entered in the commission of the offense is a dwelling-house belonging to George W. Flock, does not show the ownership thereof.   He maintains that the word "belonging" does not express the idea of property.   The position is incorrect.   The primary meaning of the word "to belong" is "to be the property of."   The word is aptly used to express ownership.

*1. BURGLARY: indictment: ownership of house.*

III.   It is claimed that the indictment is bad for that it charges that the entering was done with two purposes,—an intent to steal, and an intent to commit adultery.   The intent does not constitute the crime, but it is an essential ingredient thereof.   The crime consists in entering with an intent to commit a crime.   It is plain that, if an intent exist to commit two or more offenses, the act is none the less a crime, and it may be established by proof of one or all the intents alleged.   3 Greenl. Ev., sec. 16.   The rulings of the court complained of on this ground are correct.

*2. ——: ——: intent: duplicity.*

IV.   An instruction—the tenth—is in the following language:   "If you find that in the night-time the defendant broke and entered the dwelling-house described in the indictment, this fact would be strong presumptive evidence that the defendant did such breaking and made such entry with the intent to commit a public offense. But such presumption may be overcome by evidence." This instruction is a ground of complaint by defendant. It is in accord with legal principles, reason and decisions of this court.   Men's purposes are only revealed by their acts.   One who breaks into the dwelling-house of another in the night-time, in the absence of any explanation of the act, will be presumed to have intended to commit a public offense.   His silence as to his intent is evidence that it was to commit a crime.

*3. ——: in night-time: presumption of unlawful purpose.*

The character of the house entered,—a dwelling; the time of entering—at night; and the absence of explanation of the act,—raise a presumption of an intent to commit a public offense. Whart. Crim. Law, sec. 1600; *State v. Maxwell*, 42 Iowa, 208; *State v. Teeter*, 69 Iowa, 717.

V. It is urged that the evidence fails to support the verdict. We think differently. The breaking and entering was proved beyond a doubt; and defendant was clearly identified while in the house. His intent to commit a felony is established by presumptions of law arising upon the facts of the case. The judgment of the district court is

4. ——: evidence to support verdict.

AFFIRMED.