PET HARRIS v. THE STATE.

*No. 742.  Decided May 22.*

1. **Horse-Theft—Circumstantial Evidence—Sufficiency of Charge as to.**— On a trial for horse-theft, where the evidence was entirely circumstantial, and the main, if not the only, criminative fact was, that on the day after the horse was taken defendant sold a saddle which was taken at the same time the horse was, *Held*, that a charge on circumstantial evidence which omitted to instruct the jury that "the evidence must exclude every reasonable hypothesis save that of the guilt of the defend-

ant," was insufficient, and that it was error to refuse a requested instruction on the subject including this feature. Following Jones v. The State, ante, p. 490.

2. Same—Evidence of Contemporaneous Theft—Charge as to—Harmless Error.—On a trial for horse-theft, where evidence was adduced as to the theft of a saddle at the same time, *Held*, that the omission of the charge to limit the purposes of the evidence as to the saddle, was harmless error, in the absence of an exception taken to the omission, and especially so where there was no danger that the jury would convict defendant for theft of the saddle.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for horse-theft, the punishment having been assessed at five years' imprisonment in the penitentiary.

No statement necessary.

*Thompson & Carter,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant was tried and convicted under an indictment charging him with theft of a horse, and his punishment assessed at five years in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal.

The appellant assigns as error in the case the charge of the court on circumstantial evidence. The charge of the court on the subject is as follows: "In order to warrant a conviction upon circumstantial evidence, each fact necessary to establish the guilt of the defendant must be proved by competent evidence beyond a reasonable doubt. All such facts must be consistent with each other and with the guilt of the defendant, and all the circumstances, taken together, must be of a conclusive nature, leading on the whole to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the defendant, and no other person, committed the offense charged." The error complained of is the omission of the court to embrace in said charge, that "the evidence must exclude every reasonable hypothesis save that of the guilt of the defendant," and the appellant also requested an instruction on the subject including this feature. The case relied upon by the State for the conviction of the defendant was of a purely circumstantial character, the main criminative fact being testimony to the effect, that the day after the alleged theft the appellant sold a saddle to one Hoovitz, from whom the prosecutor, Britton Turner, subsequently obtained it. The horse was not found in possession of the defendant at all. Mr. Starkie lays down this rule as to circumstantial evidence, to wit: "The force of circumstantial evidence being conclusive in its nature, and the mere coincidence of the hypothesis with the circumstances being, in the abstract, insufficient, unless they exclude every other supposition, it is essential to inquire with the most scrupulous attention what other hypotheses there may

be which may agree wholly or partially with the facts in evidence."
Starkie on Ev., sec. 863.   In Beavers v. The State, 58 Indiana, 531,
this is the language of the court:  "We can conceive of no hypothesis
by which, in the order of natural causes and effects, the facts proved
can be explained consistently with the innocence of the prisoner; and
this is the true test of circumstantial evidence.   It excludes all reason-
able doubt of the prisoner's guilt."   The same rule seems to be recog-
nized in Iowa, but seems to be applied where the act is in question,
and is to be established by circumstantial evidence.   The court say:
"This rule is proper when the act which is claimed to be criminal is
sought to be established by circumstantial testimony, but when the act
is proved by direct testimony, and all that remains to be found is the
intent which accompanies the act, and which may be inferred from
the circumstances which accompany the act, then this principle does
not apply."   The State v. Maxwell, 42 Iowa, 208; 2 Thomp. on Trials,
p. 1860.   In this case, as stated before, the State proposed to prove
the act of taking by circumstantial evidence, and the main, if not the
only, criminative fact in the case was the testimony as to the posses-
sion on the next day by the defendant of the saddle, taken at the same
time.   In our opinion, the court should have embodied the provision
in its charge that the proof or evidence ought to be not only consistent
with the prisoner's guilt, but inconsistent with every other rational
conclusion.   This was not done, and the error of the court is such as
requires a reversal of this case.   Jones v. The State, ante, p. 490.

The appellant also assigns as error in this case the failure of the
court to properly instruct the jury as to how they were to consider the
evidence regarding the defendant's possession of the saddle.   He was
not charged with theft of the saddle, and proof of his possession of
the saddle could only be made as a criminative circumstance against
him, in connection with the charge for which he was then on trial,
namely, theft of a horse.   No exception was taken to the failure of the
court to instruct as to how they might consider the theft of the saddle
at the same time and place, but, as there was no danger that the jury
might, under the circumstances of the case, convict the defendant for
theft of said saddle, the failure of the court to so charge was not error;
but for the error of the court, heretofore discussed, in failing to give a
proper charge on circumstantial evidence, the judgment is reversed
and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.