STATE OF IOWA V. H. L. MECUM, Appellant.

| 95  | 433 |
| 104 | 734 |
| 105 | 45  |
| 95  | 433 |
| 110 | 340 |
| 95  | 433 |
| d111 | 272 |
| 95  | 433 |
| e118 | 694 |
| 95  | 433 |
| 123 | 182 |
| 95  | 433 |
| f133 | 497 |

**Burglary with Intent to Commit Adultery:** INDICTMENT which alleges a burglarious entry of a dwelling "with intent to commit a public offense, to-wit, adultery" is sufficient, and need not charge that defendant is a married man or that he entered to have sexual intercourse with a married woman.

**Instruction.** It may be charged that where one who secretly enters a dwelling in the night and is therein, shortly after, found in bed with a woman, both undressed, a strong presumption arises that he entered to commit adultery, though there be evidence which tends to show that he had no such intent when he went into the house.

SAME. It is proper to say that the jury need not receive the testimony of defendant blindly, that it may consider whether or not it is given only to avoid conviction, and that it may be rejected unless corroborated.

CONSTRUED TOGETHER. A charge "to convict it is necessary that you should find defendant was a married man," does not assume commission of the offense. It means with other instructions, that this must be shown in addition to other evidence.

**Evidence:** CROSS-EXAMINATION. Where the defendant charged with burglary with intent to commit adultery has the woman testify that the entry was to shield her from attack by her husband, she may be asked on cross-examination whether she knew there had been talk about the conduct of defendant and herself and whether defendant had not called on her frequently since.

VOL. 95 Ia—28

HEARSAY. Testimony that defendant told what occurred in a talk
1   between defendant and defendant's wife, states an admission of
defendant, and not that of his wife.

*Appeal from Greene District Court.*—HON. G. W. PAINE,
Judge.

FRIDAY, OCTOBER 4, 1895.

The defendant was indicted, tried, and convicted of the crime of having in the night time, unlawfully, burglariously, and feloniously entered the dwelling house of one Henry Drake, with intent to commit a public offense, to-wit, the crime of adultery. Judgment of imprisonment in the penitentiary was entered against the defendant, from which he appeals.

*Russell & Toliver* and *Church & Lovejoy* for appellant.

*Milton Remley*, attorney general, and *Jesse Miller* for the state.

Given, C. J.—I.  The evidence shows without conflict that on the night of June 28, 1893, the defendant (then a married man) entered the dwelling house of one Henry Drake, without the consent of said Drake, through a window into a bedroom on the lower floor of said dwelling house; that said bedroom was then occupied by one Jennie Bott, a married woman, who was living apart from her husband, and that between ten and eleven o'clock that night the defendant and said Jennie Bott were found in said room, undressed and in bed together, and the defendant's shoes were found near a fence seventy-five to one hundred feet from the house.   Defendant introduced · evidence of himself and Jennie Bott tending to show that the husband of Mrs. Bott was angry at her, and had threatened her with personal violence; that on

said night the defendant, knowing that fact, and having seen Mr. Bott going in the direction of Mr. Drake's residence, went to the window to warn Mrs. Bott of the fact and to keep away from the window; that the window was open when he came; that he warned Mrs. Bott, and told her to keep back from the window; that she invited him to come in, but he declined until there was a stir among some horses in a pasture near by, which they supposed was caused by the approach of Mr. Bott, whereupon she again invited him to come in, and he went in at the open window. Defendant states that when he went to the house he had no intention of going in, and gives as a reason why he left his shoes by the fence seventy-five or one hundred feet from the house, that "they were new and squeaked," and "I didn't want to be heard."

II. Appellant complains of certain rulings in taking the testimony. Henry Drake, in testifying to a conversation had with the defendant the next morning after the occurrence, states that the defendant said, "When I went home this morning, I told my wife about this, and she said, 'It was nothing more than I expected.'" Appellant contends that the statement of his wife was inadmissible. The evidence was not of her statement, but the statement of the appellant, and as a part of a conversation. If what he said his wife stated was inadmissible, no prejudice could result from failing to rule it out.

On cross-examination, Mrs. Bott was asked if she and her husband had trouble over the defendant, whether she knew that there had been a great deal of talk about the conduct of herself and defendant, and whether defendant had called on her frequently since the twenty-eighth of June. To each of these questions the defendant's objection, as not proper cross-examination, immaterial, and incompetent, was overruled. These inquiries were all proper and material

to show the relations and feelings that existed between the defendant and Jennie Bott and her husband. The answers have a direct bearing upon the question of the intention of the defendant. The subsequent relations between defendant and Mrs. Bott were competent, as tending to show the intention with which they acted on June twenty-eighth. There was no error in these rulings of the court.

III. Appellant complains of certain paragraphs of the court's charge, and first of that numbered fifteen, which is as follows: "If you find from the evidence, and beyond a reasonable doubt, that the defendant went to the dwelling house of Henry Drake secretly and in the night time, and there secretly entered the dwelling house, and was shortly thereafter found undressed and in bed with Mrs. Bott, who was then also undressed, then a strong presumption would arise that he did so enter for the purpose of committing adultery; and such presumption would continue until rebutted by evidence, and, if not so rebutted, would justify you in finding such intent to have existed at the time of entry. 'Night time' means the time between darkness after sundown and dawn of daylight in the morning." The contention is that the court presumes the intent charged, notwithstanding there was evidence tending to show that defendant did not have that intention "when he went to the house and window." Appellant quotes from section 2290, 2 Thomp. Trials, as follows: "A presumption of fact is simply an inference or conclusion of the existence of a fact from some other fact. It is always drawn by the jury, who are the triors of questions of fact. It is therefore merely a repetition of what has already been said to say that it is for the jury, and not for the judge, to draw presumptions of fact, and that for the judge to tell the jury what presumptions of fact they ought to draw from a given fact or series of facts is a usurpation of

their functions." It is argued that, if all that is enumerated in the instruction was proven, yet, in view of the defendant's evidence, it was a question of fact, for the jury, whether an intent to commit adultery should be presumed therefrom. Counsel for appellee quote the part of said section preceding that quoted by appellant, as follows: "A presumption of fact differs from a presumption of law in this: A presumption of law is a conclusive or indisputable inference which the law, by a settled rule, draws from a given fact. Such an inference is therefore made by the judge, and not by the jury." In *State v. Fox*, 80 Iowa, 312 [45 N. W. Rep. 874], the court instructed as follows: "If you find that, in the night time, the defendant broke and entered the dwelling house described in the indictment, this fact would be strong presumptive evidence that the defendant did such breaking and made such entry with the intent to commit a public offense. But such presumption may be overcome by evidence." That instruction was approved, the court holding that the facts "raise a presumption of an intent to commit a public offense." This instruction, like that, does not declare the presumption "conclusive or indisputable," but only a strong presumption that should continue until rebutted. See, also, *State v. Maxwell*, 42 Iowa, 208, and *State v. Teeter*, 69 Iowa, 717 [27 N. W. Rep. 485]. As said in *State v. Fox*, this instruction "is in accord with legal principles, reason, and decisions of this court." Appellant objects to the following contained in the eighteenth paragraph of the charge: "You are not required to receive blindly the testimony of such accused person as true, but you are to consider whether it is true, and made in good faith, or only for the purpose of avoiding conviction. And you are not bound to believe the testimony of the defendant any further than it may be corroborated by other credible evidence in the case." The complaint is

that that instruction singles out the defendant as a mark for suspicion. The instruction relates to weighing the evidence of the accused, and, of necessity, applies to the defendant alone.

V.    The fifth paragraph of the charge is as follows: "To convict the defendant under this indictment, it is necessary that you should find from the evidence that the defendant, at the time of committing the offense charged, was a married man." The complaint is that this instruction assumes that defendant committed the offense charged. Taken in connection with the other instructions given, it cannot be so construed. It simply instructs that, in addition to other matters necessary to be proven to convict, the jury must find that defendant was a married man.

VI.    Defendant moved in arrest of judgment on the ground that it is not charged in the indictment that he was a married man, or that he entered the dwelling house with the intent of having sexual intercourse with a married woman. The charge is of an intent "to commit a public offense, to-wit, adultery." In *State v. Jennings,* 79 Iowa, 513 [44 N. W. Rep. 799], the intent charged was "to commit a public offense, to-wit, larceny." It was contended that the indictment should have stated "the kind or value or ownership of the goods which were the subject of the intended larceny." It was held that the offense charged was not larceny, and hence the character of the property intended to be stolen, its value and ownership, are not material, and need not be alleged. In *State v. Newberry,* 26 Iowa, 467, it was held that "in an indictment for an assault with intent to commit an offense, it is not necessary to make all the averments required in an indictment for the offense itself." The court says: "It is the intent with which the assault is made which constitutes the offense, rather than the intent which enters into, and forms an ingredient of,

the offense intended." We see no reason why the rule should be different in charging a felonious breaking and entering with intent to commit a public offense. Adultery is a public offense, and has a well-defined meaning; and it is sufficient to charge a felonious breaking and entering with intent to commit that offense, without alleging as would be required in a charge of adultery. We find no error in the record before us, and the judgment of the district court is therefore *affirmed*.