STATE of Iowa, Appellee,

v.

Donald Dean BERENGER, Appellant.

No. 53087.

Supreme Court of Iowa.

Oct. 15, 1968.

Thomas C. Mehesan, Jr., Spencer, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Robert W. Sackett, County Atty., Spencer, for appellee.

GARFIELD, Chief Justice.

Defendant was charged by county attorney's information, tried before court and jury and convicted of breaking and entering a garage with intent to commit a public offense, contrary to section 708.8 Code 1966. Upon his appeal we affirm the judgment of conviction.

Three alleged errors are relied upon: First, overruling defendant's motion to dismiss and set aside the information as failing to define the crime charged sufficiently to allow him to frame a defense. Second, overruling defendant's motion for continuance because of surprise in learning, just prior to the trial, the state would

seek to prove defendant intended to commit more than one public offense in the building. Third, claimed error in jury instruction 10. We consider the assigned errors in the order stated.

Since the errors all involve the wording of the information we set it out except for the caption and signature.

"Comes now Robert W. Sackett, County Attorney of Clay County, State of Iowa, and in the name and by the authority of the State of Iowa, accuses Donald Dean Berenger of the crime of breaking and entering and charges that the said Donald Dean Berenger in the County and State aforesaid did on or about the 15th day of December, 1967 with intent to commit a public offense, break and enter the James D. Gibson station garage in Gillett Grove, Clay County, Iowa, contrary to Section 708.8 of the 1966 Code of Iowa."

Code section 708.8, so far as applicable, provides: "Other breakings and enterings. If any person, with intent to commit any public offense, * * * break and enter any * * * building in which any goods, merchandise, or valuable things are kept for use, sale, or deposit, he shall be imprisoned * * *."

■ I. The substance of defendant's motion to dismiss or set aside the information is stated supra among the errors assigned. The first error is largely based on the fact the information does not specify the public offense defendant intended to commit in breaking and entering the building. It is said this is a necessary ingredient of the offense which must be set out in the information. We agree the intent with which a breaking and entering is committed is a necessary element of the crime, but under our statutes and the record here it was not error to overrule the motion to dismiss.

■ We note that a motion to dismiss an information (or indictment) is unknown to our criminal procedure. State v. Ramos, Iowa, 149 N.W.2d 862, 866. As in the cited case, we have treated the motion as a demurrer filed under section 777.2. This statute provides, so far as applicable, a demurrer to an indictment (or information) will lie "when it appears upon its face, * * * 1. That it does not substantially conform to the requirements of this code, * * *."

We have frequently held an information is demurrable only on grounds stated in the statute. State v. Youngblut, 257 Iowa 343, 345, 132 N.W.2d 486, 487, and citations.

Our present statutes are quite clear as to what an indictment must charge and what is unnecessary. Section 773.4 provides an indictment is valid and sufficient if it charges the offense in one or more of these ways:

"1. By using the name given to the offense by statute.

"2. By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged.

"The indictment may refer to a section or subsection of any statute creating the crime charged therein, and in determining the validity or sufficiency of such indictment regard shall be had to such reference."

Section 773.5 adds this:

"No indictment which charges the offense in accordance with * * * 773.4 shall be held to be insufficient on the ground that it fails to inform the defendant of the particulars of the offense."

■ We think the information here complies with section 773.4. It uses the name given the offense by statute; it also states so much of its statutory definition as seems sufficient; it refers to the code section creating the crime charged.

Section 773.6 contains this:

"1. When an indictment charges an offense in accordance with the provisions of section 773.4, but such indictment together with the minutes of the evidence filed therewith fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the constitution of this state, the court may, of its own motion, and shall, at the request of the defendant, order the county attorney to furnish a bill of particulars containing such information as may be necessary for these purposes, or the county attorney may of his own motion furnish such bill of particulars."

■ The record shows no request from defendant that he be furnished a bill of particulars and we find no abuse of discretion in the failure of the court, under the circumstances here, to order one on its own motion.

In determining the sufficiency of the information it is proper to consider that the permissible forms for informations set out in section 773.35 include: "(Other breaking and enterings)—A.B. broke and entered the dwelling of C.D. (or A.B. committed an entry of the dwelling of C.D., or A.B. broke and entered office of C.D. as the case may be)." See also section 773.2.

■ These permissible forms do not require that the information state the building was broken and entered with intent to commit a public offense, much less the particular offense intended. We have held such an allegation is not necessary and that the charge (as here) the breaking and entering was contrary to what is now section 708.8 sufficiently informs defendant of the crime of which he was accused. State v. Stack, 221 Iowa 727, 730, 266 N. W. 523 and citations. See also State v. Cowman, 239 Iowa 56, 60–61, 29 N.W.2d 238, 241; State v. Haesemeyer, 248 Iowa 154, 160–161, 79 N.W.2d 755, 759. Here, as stated, the information charges breaking

and entering with intent to commit a public offense.

Quite in point on principle is State v. Wagoner, 247 Iowa 461, 462–463, 74 N.W. 2d 246, 247–248, which upholds validity of an indictment, as against demurrer, for assault with intent to commit a felony in violation of Code section 694.5, without specifying the felony defendant intended to commit. The cited opinion inaccurately states what is now Code chapter 773, frequently called the "Short Indictment Act," was passed by the Thirty-third G.A. in 1929. The reference should have been to the Forty-third G.A.

We have held several times indictments and informations for different crimes which comply with the provisions of what is now chapter 773 are sufficient. State v. Stack, supra, 221 Iowa 727, 730, 266 N.W. 523, and citations; Meeks v. Lainson, 246 Iowa 1237, 1239, 71 N.W.2d 446, 448; State v. Craig, 252 Iowa 290, 292–293, 106 N.W.2d 653, 654.

Chapter 773 has withstood constitutional assaults, such as those based on the requirement of section 10, article I, Iowa Constitution that an accused be informed of the accusation against him, because of his right to a bill of particulars where he is not sufficiently informed of the particulars of the offense. (Section 773.6, supra) Meeks v. Lainson, supra, and citation; State v. Engler, 217 Iowa 138, 143–146, 251 N.W. 88, and citations.

"In the absence of a request for a bill of particulars, any indictment which meets the requirements of the short form indictment law is legally sufficient." Meeks v. Lainson.

Defendant cites no Iowa case to support this assignment decided since chapter 773 was enacted. The latest one cited is State v. Sexsmith, 200 Iowa 1244, 206 N.W. 100, decided some 3¼ years before the enactment. It held demurrable an indictment for manslaughter by "gross negligence and recklessness" without specifying the facts

on which this conclusion was based. The precedent is not in point not only because it was decided under the former statute but also because the crime charged was (and is) not defined by statute. The opinion recognizes that even under the former statute "There are crimes which are chargeable in an indictment in the language of the statute. Such are crimes which are specifically defined by the statute." (page 1247 of 200 Iowa, page 101 of 206 N.W.)

II. We find no error in overruling defendant's motion for continuance.

On February 27, 1968, the day the trial was to start, defendant's motion to dismiss and set aside the information was dictated into the record, argued and overruled. Thereafter, the court asked the county attorney, for the information of defendant and his counsel, to indicate what his theory was as to the former's intent at the time the offense was committed. The prosecutor replied he believed the evidence would show and the minutes thereof attached to the information allude to the fact defendant's intent was to tamper with a motor vehicle and commit larceny, both public offenses, and an instruction defining both of them would probably be requested.

Thereupon defendant's counsel asked for a continuance until the next trial session on the ground he was unprepared to provide an adequate defense since he had no knowledge the element of tampering with a motor vehicle would be brought into the charge. After argument the motion was overruled and voir dire examination of the jurors commenced at two P.M.

The crime was committed December 15, 1967 and the firm of Montgomery & Stein was appointed as counsel for defendant on December 29. The county attorney's information was filed January 29 and defendant was arraigned February 5, with Mr. Stein representing him. A copy of the information with all endorsements thereon had then been furnished him. On February 24 defendant's present counsel was appointed as additional counsel to assist in the defense. It was he who moved on February 27 to dismiss the information and then asked for the continuance on the ground, in substance, of surprise that the state would rely on the claim the breaking and entering was with intent to tamper with a motor vehicle (a truck) as well as to commit larceny.

Minutes of the testimony attached to the information are to the effect defendant at night broke and entered the garage referred to in the information and had removed the lug nuts from a wheel of the tractor the owner stored there. It is not contended here the evidence at the trial was insufficient to warrant submitting to the jury the charge defendant broke and entered the building with intent to tamper with the truck and to commit larceny.

■ Of course the grant or refusal of a motion for continuance rests largely in the sound discretion of the trial court. Such discretion is very broad. State v. McNeal, Iowa, 158 N.W.2d 129, 133 and citations. We are not justified in holding defendant was denied a fair opportunity to prepare his defense or that the refusal of a continuance was an abuse of the court's discretion. It is not suggested what further defense to the charge could have been prepared had the motion been granted.

III. The claimed error in jury instruction 10 is also without merit. The portion of the instruction objected to told the jury one of the five material allegations the state must prove beyond a reasonable doubt was that defendant broke and entered the described building with intent to commit either or both of the crimes of larceny and tampering with a vehicle. Others of the 22 instructions defined breaking and entering, larceny and tampering with a vehicle.

Defendant's counsel excepted to instruction 10 "in that it refers to intent to commit both the crime of larceny and the crime of tampering with a motor vehicle and we move the court to elect and instruct as to one or the other crime."

The argument in support of this error is that the effect of instruction 10 was to instruct on two separate and distinct crimes—(1) breaking and entering with intent to commit larceny, and (2) breaking and entering with intent to tamper with a vehicle—under an information containing a single count. Defendant's brief point under this assignment is that an information charging more than one offense in one count is bad for duplicity, citing Code section 773.36, State v. Eichler, 248 Iowa 1267, 1271, 83 N.W.2d 576, 578 and citation.

■■■ As an abstract proposition the brief point is correct. The fallacy of the argument as applied to the present case lies in the belief that a breaking and entering with intent to commit two public offenses constitutes two crimes. We have no doubt that to break and enter with intent to commit two or more public offenses constitutes but a single crime—breaking and entering.

This from State v. Fox, 80 Iowa 312, 313, 45 N.W. 874, which upholds a conviction for burglary, is in point:

"3. It is claimed that the indictment is bad for that it charges that the entering was done with two purposes,—an intent to steal, and an intent to commit adultery. The intent does not constitute the crime, but it is an essential ingredient thereof. The crime consists in entering with an intent to commit a crime. It is plain that, if an intent exist to commit two or more offenses, the act is none the less a crime, and it may be established by proof of one or all the intents alleged."

From People v. Dabney, Cal.App., 67 Cal.Rptr. 455, 457, we quote this: "In order to obtain a conviction for burglary, the prosecution must prove that the entry was made with the specific intent 'to commit grand or petit larceny or any felony.'"

An article in 12 Iowa Law Review 355, 360–361, by Professor Rollin M. Perkins, one of several articles by him in this publication, is directly applicable. Professor Perkins was instrumental in preparation of what is now chapter 773. The article states: "If the indictment states two or more criminal intents this does not render it duplicitous and the crime may be established upon proof of one or all of the intents alleged. This is quite proper because a breaking and entering of a dwelling house in the nighttime with intent to commit half a dozen offenses would constitute only one burglary."

Code section 773.25 seems also to answer the exception taken in the trial court and the argument made here as to instruction 10. So far as applicable, the statute provides:

"Disjunctive or alternative allegations. No indictment for an offense which may be committed * * * with one or more of several intents * * * shall be invalid or insufficient for the reason that two or more of such * * * intents * * * are charged in the disjunctive or alternative."

It is doubtful the exception taken in the trial court to instruction 10 sufficiently raised the only point argued here in support of the assigned error. We have preferred to treat the exception as sufficient.

Since we find no prejudicial error the judgment is

Affirmed.

All Justices concur.