## YOUNGER v. HEHN, WARDEN OF THE PENITENTIARY.

Statutes—Enactment of Laws—Legislative Journals—Habeas Corpus—Courts—Jury—Terms of Court in Fourth District.

1. An entry in the House Journal stating, under the caption "Signing of Senate File," that the Speaker then announced that he was about to sign Senate Enrolled Act No. 1, describing it also by original file number, and title, is a substantial compliance with the constitutional requirement that the fact of signing be at once entered on the journal; it appearing that the House was at the time in session, that the act had been on the same day reported in the Senate as correctly enrolled, and signed by the President of the Senate in the presence of that body, and a subsequent entry in the journal of each house showing a notice from the Governor of his approval of the act, and the enrolled act bearing the proper signatures having been deposited in the office of the Secretary of State.

2. The House Journal entry of the signing by the Speaker of the act known as Chapter 6 of the published laws of 1901 substantially complies with the constitutional requirement, and said act relating to terms of court in the Fourth Judicial District is a valid legislative enactment.

3. The attack on a judgment by habeas corpus is collateral, and in such a proceeding the judgment cannot be impeached for any error or irregularity not affecting the power of the court to act in the case.

4. The regularity of the method adopted by the court in the drawing and summoning of the petit jury which tried and convicted the petitioner cannot be questioned by him in a habeas corpus proceeding.

5. In a habeas corpus proceeding the petitioner may not question the validity of the act, under which in respect to time and manner the petit jury that convicted him was drawn and summoned, on the ground that the fact of signing the act by the Speaker of the House was not entered on the journal as required by the constitution.

6. Drawing and summoning a petit jury at a time and in the manner provided by a statute alleged to be invalid because of the failure of the House Journal to record the fact of signing the bill by the Speaker, might constitute error to be taken advantage of by proper objections, but the invalidity

of the act is not ground for the discharge on habeas corpus
of a prisoner convicted by a jury so drawn and summoned.

[Decided February 18, 1904.]                    (75 Pac., 443.)

HABEAS CORPUS. Ed Younger having been convicted of
the crime of grand larceny at the October term of the Dis-
trict Court sitting in the County of Big Horn, and sentenced
to imprisonment in the State Penitentiary for the term of
three and one-half years, filed his petition for the writ of
habeas corpus, alleging that by such imprisonment he was
unlawfully restrained of his liberty. The matter was heard
upon the petition and return of the respondent to the writ.
The facts are stated in the opinion.

*E. E. Enterline,* for the plaintiff.

The constitutionality of a statute may be inquired into
in a habeas corpus proceeding by a person who is under
imprisonment by virtue of such statute. (Church on
Habeas Corpus, Sec. 370; Ex parte Rosenblatt, 19 Nev.,
439; Ex parte Smith, 135 Mo., 223; 64 Kan., 842; Ex
parte Neet, 157 Mo., 527; 57 S. W. 1025; In re Wright,
3 Wyo., 478; In re Boulter, 5 Wyo., 329.)

Where a court exceeds its authority or has no authority
to render judgment, the petitioner is entitled to be dis-
charged from imprisonment under such judgment; and in
a habeas corpus proceeding the court may inquire into the
authority of the court to render the particular judgment.
(In re Dill, 32 Kan., 668; In re Brown (Kan.), 64 Pac.,
76; Church on Habeas Corpus, Sec. 371; People v. Lis-
comb, 60 N. Y., 559; In re Patzwald (Okla.), 50 Pac.,
139; In re Wright, 3 Wyo., 478; Miskimmins v. Shaver,
8 Wyo., 392; Ex parte Dela (Nev.), 60 Pac., 217.)

The courts have a right to and should go back of the
enrolled act to the journal of the House to see whether the
constitutional provisions which require certain matters to
be entered of record in the journal have been complied
with, and if not, it is the duty of the court to declare

the act unconstitutional. (State v. Swan, 7 Wyo., 166; Cohn v. Kingsley (Idaho), 49 Pac., 985; Durfee v. Harper (Mont.), 56 Pac., 583; In re Convention, 14 R. I., 649; State v. McBride, 4 Mo., 303; State v. Mason, 43 La. Ann., 590; Collier v. Frierson, 24 Ala., 100; Answer of the Judges, 6 Cush., 573; Paving Co. v. Hilton, 69 Cal., 479; Koehler v. Hill, 60 Ia., 543; Russie v. Brazzell, 128 Mo., 93; Miller v. Johnson, 92 Ky., 589; Cooley Const. Lim., 44; James. Const. Conv., Sec. 564 et seq.; State v. Tufly, 19 Nev., 391.)

If the journals are silent upon any matter required to be entered, the evidence is conclusive that the step required to be taken and entered did not take place, as the courts must impute to the record and statements absolute verity. (Paving Co. v. Hilton, 69 Cal., 479; Cohn v. Kingsley (Idaho), 49 Pac., 985; State v. Swan, 7 Wyo., 166.)

The act fixing two terms of court in Big Horn County being clearly invalid, the District Court was without jurisdiction to try and sentence the petitioner. (In re Millington, 24 Kan., 214; Ex parte Stout, 5 Colo., 509; In re Allison, 13 Colo., 525; In re Patzwald (Okla.), 50 Pac., 139.)

This court has a right to inquire into the legal existence of the court at the time of trial and sentence, because neither the Judge nor court was acting within their legitimate province and in a lawful manner. (R. S., Sec. 5498.) It is the court that has jurisdiction of the offense and not the Judge. (Church on Habeas Corpus, Sec. 369; Daniels v. Towers, 79 Ga., 785.) A prisoner in custody by virtue of a judgment of a court which had no legal existence at the time that sentence was pronounced will be discharged on habeas corpus. (Church on Habeas Corpus, Sec. 370.)

The same argument as to the invalidity of the law fixing the terms of court apply to the manner of drawing and summoning a jury. The jury could only be drawn and summoned at a regular term of court.

*J. A. Van Orsdel,* Attorney General, for the respondent.

Irregularities in drawing, summoning and empaneling a trial jury must be taken advantage of by proceedings in error. A challenge to the array during the trial is the proper method of reaching irregularities of this kind. (U. S. v. Gale, 109 U. S., 65; Shaw v. State, 18 Ala., 547; Hatcher v. State, 18 Ga., 460; Barrien v. People, 73 Ill., 256; Miller v. State, 69 Ind., 284; Montgomery v. State, 3 Kan., 263; Hurley v. State, 6 O., 400; Curtis v. Comm., 87 Va., 589; Daniel v. State, 26 Tex. App., 552; Grubb v. State, 14 Wis., 434; State v. Swift, 14 La. Ann., 827; State v. Jackson, 36 La. Ann., 96; Munshower v. State, 56 Md., 514; Comm. v. Smith, 9 Mass., 107; State v. Conway, 23 Minn., 292; Greer v. State, 28 Miss., 687; State v. Boone, 82 N. C., 637.)

"One may waive objections to the collected jury, or to a juror, and so be validly tried by an imperfect panel put upon him." (1 Bish. New Cr. Proc., Sec. 932; Mfg. Co. v. Etheridge, 63 Ga., 568; Gillolley v. State, 58 Ind., 182; Carr v. State, 76 Ga., 592; Pierson v. People, 79 N. Y., 424.)

If, while the grand jury is being made up and sworn for the trial of a defendant, he is aware of a cause for challenge and does not make it, he is too late afterward. (People v. Stonecifer, 6 Cal., 405; Van Blaricum v. People, 16 Ill., 364; State v. Haskell, 6 N. H., 352; Rice v. State, 16 Ind., 198; People v. Scott, 56 Mich., 154.)

In order that a judgment should be recognized as valid, it is, of course, necessary that it should have been rendered by a lawful and duly constituted court; otherwise, it is not the sentence of the law and is not entitled to carry its sanction, but on principles of public policy, and for the security of rights, it is held that the regular judgments of a defacto court whose existence has afterwards been pronounced unconstitutional and void are, nevertheless, valid and conclusive. (State v. Carroll, 38 Conn., 449; State v. Alling, 12 O., 16; Masterson v. Matthews, 60 Ala., 260.)

I will admit that the judgments of a court rendered at a time not authorized by law for the holding of a court are *coram non judicia* and void, but the judgment in this case was not rendered at a term of court not authorized by statute. In other words, should the court determine that the statute fixing the term of court for Big Horn County, at which the petitioner was tried, is unconstitutional and void, that does not necessarily render the judgment in this case void, for the term of court was held under an existing statute and under color of law. (Smithson v. Dillon, 16 Ind., 169; Coffinberry v. Horrill, 5 Cal., 493; Smith v. Chittendon, 1 Cal., 409; Bowden v. Hatcher, 93 E. Rep., 724; Black on Judgments, Sec. 177; Venerable v. Curd, 2 Head (Tenn.), 582; Claire v. Claire, 4 Greene (Ia.), 411; King v. Greene, 2 Stewart, 133; 68 N. C., 243; New Orleans v. Gautheraux, 32 La. Ann., 1126; Smith v. Chicester, 1 Cal., 409; Passwater v. Edwards, 44 Ind., 343.)

(On the subject of the validity of the statutes for the alleged failure of the journal of the House to show the fact of signing the act by the Speaker, the Attorney General was of opinion that the constitutional requirement in that respect was mandatory; but contended that the journal entry as to the signing of the act relating to the terms of court in the Fourth District amounted to a substantial compliance with the constitutional provision.)

Potter, Justice.

This is a habeas corpus proceeding instituted in this court by Ed Younger, who alleges that he is unlawfully restrained of his liberty by the Warden of the State Penitentiary at Rawlins, in this State. The writ was issued, and the cause was heard upon the petition and the return of respondent to the writ.

It is admitted that the petitioner is confined in said penitentiary, and that the cause of his restraint is a mittimus issued out of the District Court in and for Big Horn County upon a judgment entered in said court on the 2d day of

November, 1901, at a term of said court begun and held in said county on the 21st day of October, 1901, in and by which said judgment the petitioner was sentenced to be confined in the penitentiary for the period of three and one-half years.

It appears by the allegations of the petition, which are admitted by the return to be true, that on October 18, 1901, an information was filed in the office of the Clerk of the District Court in and for Big Horn County, charging the plaintiff, Younger, with the crime of grand larceny; that on October 21, 1901, the Judge of said court convened the same under and pursuant to an act of the Sixth Legislature as amendatory of Section 3299 of the Revised Statutes of 1899, said act having been known in the proceedings of said Legislature as Senate File No. 12, and being Chapter 6 of the Session Laws of 1901; that on said last mentioned date the plaintiff was brought before said court, and an order was made assigning counsel to defend him; that on the following day the plaintiff was again brought before said court and he entered a plea of not guilty to the information aforesaid; that he was thereafter, during said term of court, tried before a jury empaneled from a trial jury drawn and selected as hereinafter stated, and a verdict of guilty was returned by said jury.

It is further alleged and admitted that prior to October 21, 1901, the Judge of said court, by an order entered in vacation, directed a jury to be drawn and summoned by the Sheriff, County Treasurer and the Clerk of said court, under the provisions of an act of said Sixth Legislature, amending Section 3350 of the Revised Statutes of 1899, said act being Chapter 109 of the published laws of 1901, and having been known as House Bill No. 60.

It is further alleged in the petition that said legislative acts under which said term of court was held, and the jury therefor drawn and summoned, are unconstitutional and void, and that the said court, in consequence thereof, had no jurisdiction to try and sentence the plaintiff. Those allegations are denied.

The validity of said statutes is challenged on two grounds, viz: First, that the presiding officer of the House of Representatives did not, in the presence of the House, sign the said act; and, second, that the fact of signing was not entered upon the journal of said House.

It is admitted by the return that as to Chapter 109, which was known as House Bill No. 60, and was amendatory of the law respecting the drawing of juries, no notation of the signing by the Speaker of the House appears upon the journal. But it is alleged in and by said return that all the proceedings in the convening of said court, and in drawing summoning and empaneling the jury, were and are constitutional and valid; and that the statutes authorizing such procedure were in full force and effect.

Chapter 6 of the laws of 1901 provides for the holding of two regular terms of the District Court each year in the County of Big Horn, viz: one beginning on the third Monday in April and one beginning on the third Monday in October. Under the statute previously in force, but one term each year was provided for, which was authorized to be held beginning the third Monday in July. The provision of Chapter 109, under which the court acted in drawing the jury for the term, expressly authorizes the Judge, in vacation, prior to the convening of a term of court, to make an order directing a trial jury to be drawn and summoned to attend on the first day of the ensuing term. The section of the Revised Statutes sought to be amended by that act did not contain that express authority; but it was provided that "whenever the business of the District Court requires the attendance of a trial jury,  *  * , *  and no jury is in attendance, the court may make an order directing a trial jury to be drawn and summoned to attend before said court." (R. S., Sec. 3350.) Hence the contention that if the amendatory statutes are invalid the term of court at which plaintiff was tried was not held by authority of law, and the jury was drawn and summoned at a time and in a manner not authorized by the statute then in force.

The act known as Chapter 6, aforesaid, providing for the holding of the terms of court, was introduced in the Senate of the Sixth State Legislature, and designated as Senate File No. 12, and was entitled, "A bill for an act to amend and re-enact Section 3299 of .the Revised Statutes of Wyoming, relating to terms of court in the Fourth Judicial District." The act is challenged because, as alleged, the House Journal does not show the fact of signing by the .Speaker, as required by Section 28 of Article 3 of the constitution. The enrolled act in the office of the Secretary of State shows that it was· in fact signed by the presiding officers of the Senate and House, and approved by· the Governor. The journal is not entirely silent respecting its signing in the House. At page 217 of the published House Journal appears the following entry: "Signing of Senate File. The Honorable Speaker then announced that he was about to sign Senate Enrolled Act No. 1, entitled: S. F. No. 12, by Mr. Thomas, 'A bill for an act to amend and re-enact Section 3299 of the Revised Statutes of Wyoming, relating to terms of court in the Fourth Judicial District.'" It clearly appears from the preceding and succeeding entries that the House was at the time in session. The entry appears in the session held February 4, 1901. In the Senate Journal among the proceedings of that day it appears that the Senate Committee on Enrollment reported said bill as correctly enrolled; and that the same was signed in the presence of the Senate by the presiding officer of that body. And in the journal of each body a subsequent entry shows a communication from the Governor announcing that he had approved said act.

The sufficiency of an entry in the same language as the one in question to show the fact of signing was considered in the case of State ex rel. Hynds v. Cahill, County Clerk, et al., this day decided; and it was held that the entry amounted to a substantial compliance with the constitutional provision invoked, and that the entry did show the fact of signing as required. The question is fully discussed in the opinion in that case, and we refer thereto for a more thor-

ough statement of our views, and the reasons therefor. We are of the opinion that the House Journal shows the fact of signing, and, therefore, so far as anything has been brought to our attention, there is no ground for holding the act invalid or unconstitutional. The act being a valid enactment of the Legislature, the term of court at which the prisoner was tried, convicted and sentenced was held at a time authorized by law.

It is neither essential nor proper in this case for the court to consider whether the entire failure of the journal to note the fact of signing by the Speaker of the House will invalidate Chapter 109 of the laws of 1901, relating to the selection of a trial jury. It is not the right of the plaintiff, in this proceeding, to question the regularity of the method adopted by the court in the drawing and summoning of the jury. The statute provides that on habeas corpus "it is not permissible to question the correctness of the action of a grand jury in finding a bill of indictment, or a petit jury in the trial of a cause, nor of a court or Judge when acting within their legitimate province, and in a lawful manner." (R. S., Sec. 5498.)

"The writ of habeas corpus is not in the nature of, nor is it to be used as a substitute for, proceedings in error. A finding or decision of the inferior court, no matter how erroneous, if it does not affect its jurisdiction, is not subject to attack in this collateral proceeding. The office of the writ is to determine the legality of the particular imprisonment, and the facts to be considered in determining that question are jurisdictional facts." (Miskimmins v. Shaver, Sheriff, &c., 8 Wyo., 392.)

In the case of *In re* Wilson, 140 U. S., 575, it was held in response to the contention of the prisoner that he was indicted by an illegal grand jury, in that it was composed of only fifteen persons when seventeen was the smallest number allowed by law, that the defect did not vitiate the entire proceedings, so that they could be challenged collaterally on habeas corpus, but that it was only a matter of error, to be corrected by proceedings in error.

In McFarland v. Donaldson, 115 Ga., 567, it was said that, even if certain questions raised as to procedure and practice were meritorious, the judgment was not void; but they should have been presented before or during the trial, and the petitioner could have had any adverse rulings thereon reviewed by *certiorari.* "The writ of habeas corpus does not operate as a writ of *certiorari,* and after trial and conviction petitioner cannot complain, in a petition for habeas corpus, of matters to which he could have excepted on the trial."

It is so well settled that, the attack on a judgment by habeas corpus being a collateral one, the judgment cannot be impeached for any error or irregularity that does not affect the power of the court to act in the case, it seems unnecessary to cite or review the abundant authorities on the question. Various errors and irregularities which have been held not reviewable in such a proceeding are set forth in Church on Habeas Corpus at Section 364. Among them is the matter of error in the selection of the grand jury; or whether the indictment was ever in fact found by a grand jury. (See Church on Habeas Corpus, Secs. 362, 364.)

In a case where on appeal it was contended that a grand jury had been selected under an unconstitutional law, the Supreme Court of the United States say: "Some importance is attached to the fact that the court followed an unconstitutional law, or one assumed to be such. We do not see that this is in any wise different from the case in which the court misconstrues the law. The result is the same: certain persons, under a misconception of the court, are excluded from the grand jury who are qualified to serve on it; but the jury, as actually constituted, is unexceptionable in every other respect. In either case, whether the court is mistaken as to the validity of a law or as to its interpretation, the objection relates so little to the merits of the case that it ought to be taken in the regular order and due course of proceeding." (U. S. v. Gale, 109 U. S., 65.)

Suppose that the District Court had construed the statute as it appears in the Revised Statutes, so as to permit an

order for a jury for the term to be made prior to the convening of the term; and assume such a construction to be erroneous. In relation to the right of plaintiff to here raise the question, would the case be any different under such a state of facts, than under the claim now presented that an alleged invalid law was consulted in making the order? In either event the action of the court might be erroneous, and upon proper objections the prisoner could have preserved his exceptions and had the matter reviewed on error.

The judgment here complained of has already been before this court on appeal, and no complaint as to the jury, or the method or time of its drawing or selection was made, nor did it appear that any such objection was interposed before or at the trial. It is clear that the objection does not affect the jurisdiction of the court pronouncing the judgment.

For the reasons aforesaid, we think the prisoner is not entitled to be discharged from custody.

CORN, C. J., and KNIGHT, J., concur.