STATE OF IOWA, Appellee, v. NEWTY C. BURCH, Appellant.

**JURY:** Competency—Waiver. The fact that a juror was an election
1    judge at the election at which the jury list was selected and certified
is not a ground for challenge for cause under Sec. 13830, Code of
1924, even though his name is certified as a juror in violation of the
statute (Sec. 10869, Code of 1924). In any event, any tenable objec-
tion to the juror is waived by not discovering the incompetency until
after verdict.

**INTOXICATING LIQUORS:** Nuisance—Evidence—Sufficiency. Evi-
2    dence held to sustain a conviction for nuisance.

**CRIMINAL LAW:** Trial—Instructions—Indefinite Exceptions. Objec-
3    tions to instructions will be disregarded unless they *specify* the part of
the instruction objected to and the grounds of the objection. (See
Book of Anno., Vol. 1, Sec. 11495, Anno. 21 *et seq.*)

**INTOXICATING LIQUORS:** Nuisance—Unusual Quantity in Residence.
4    Instructions are unobjectionable when to the effect that the finding
of intoxicating liquors in the residence of the accused in an unusual
or unreasonable quantity might be sufficient, with all the other cir-
cumstances in the case, to justify a finding that such liquors were
being kept for sale. (See Book of Anno., Vol. 1, Sec. 1924, Anno.
14.)

Headnote 1:  35 C. J. p. 368. Headnote 2:  33 C. J. p. 770. Headnote
3:  17 C. J. p. 86 (Anno.) Headnote 4:  33 C. J. p. 792.

Headnote 1:  16 R. C. L. 227. Headnote 2:  15 R. C. L. 404. Head-
note 3:  14 R. C. L. 809.

*Appeal from Marion District Court.*—W. S. COOPER, Judge.

JUNE 21, 1926.

REHEARING DENIED OCTOBER 4, 1926.

The defendant was convicted in the court below of the crime
of maintaining a liquor nuisance, and sentenced to one year in
the county jail. He appeals.—*Affirmed.*

*Johnson & Teter,* for appellant.

*Ben J. Gibson,* Attorney-general, and *S. S. Faville,* Assistant Attorney-general, for appellee.

STEVENS, J.—The defendant was tried and convicted in the court below of the crime of maintaining a liquor nuisance. The court sentenced him to confinement in the county jail for a term of one year. The exceptions argued are numerous, but we deem it necessary to discuss only a part of them.

I. Elmer Hammond, who was one of the judges of election of Knoxville Township at the general election held in Marion County, November 4, 1924, was certified by the judges of election for jury service. This fact was unknown to the defendant and his attorneys, and, apparently, to everyone else connected with the trial of the case, until after the verdict was returned by the jury. Hammond was one of the jurors who heard the case. A new trial was asked, upon the ground that the board did not have authority to certify Hammond as a juror, and that he was not legally a member of the panel. Section 10869, Code of 1924, requires judges of election to certify to the jury list, and that, according to their knowledge and belief, the same contains the name of no person "* * * 10. (In counties not having an appointive jury system.) Who is a judge or clerk at this election. * * *"

1. JURY: competency: waiver.

Under the former statute, Section 337, Code Supplement, 1913, the fact that a juror served as a judge or clerk of election at the election at which the jury list was selected and certified, was ground for challenge for cause. This provision was omitted from the Code of 1924, and is not included among the grounds enumerated in Section 13830 for challenges to jurors for cause. We will assume that counsel for appellant examined the jurors on their *voir dire,* and elicited such facts from each of them as he deemed sufficient to enable him to determine their fitness to serve as jurors in the particular case. The juror testified, in his examination after the verdict was returned, that he did not know that his name was on the jury list when it was certified. There is nothing in the record to in any way suggest prejudice to the defendant. It was, of course, the duty of the judges of election to observe carefully the requirements of the statute. So far as anything is shown by the record, appellant might have excused the juror; and we think it may safely be assumed that the right

to challenge him, either for cause or peremptorily, was waived. Appellant cannot now complain. *Goldthorp v. Goldthorp,* 115 Iowa 430; *State v. Pickett,* 103 Iowa 714.

II. A motion for a directed verdict was filed at the close of the evidence for the State, and renewed at the close of all the evidence. The motion was based largely upon the alleged in-

2. INTOXICATING LIQUORS: nuisance: evidence: sufficiency.

sufficiency of the evidence to justify a conviction. It is true that the record does not disclose direct evidence of sales by appellant of intoxicating liquors, but the circumstances clearly indicate that such was his business, and the evidence is abundant to sustain the conviction. A large quantity of alcohol, together with other indicia of the unlawful business, was introduced, and the defendant was observed by the officers who were watching him, to surreptitiously place a bottle filled with alcohol by a post in a dark alley, and was immediately arrested, and the liquor seized. The explanation made by him of his presence in the alley was inconsistent with the testimony of the officers, and he denied placing the bottle by the post. This denial created a conflict in the evidence, which it was the especial province of the jury to determine. Certain exhibits were admitted in evidence over the objection of appellant. The admission of these exhibits is referred to in the motion to direct a verdict, and also assigned as a ground for reversal. The exhibits were properly identified, and, while some of them may have been entitled to little weight as evidence, nevertheless their admission was not erroneous. The motion to direct a verdict was properly overruled.

III. Several instructions were requested by the defendant and refused by the court. No proper exceptions were preserved to this ruling made by the court. Section 11495, Code of 1924;

3. CRIMINAL LAW: trial: instructions: indefinite exceptions.

*Anthony v. O'Brien,* 188 Iowa 802. We have, however, read the requested instructions, and are of the opinion that every material and essential part thereof was sufficiently incorporated in the court's charge to the jury.

IV. Exceptions were also preserved to Instructions 3 and 6. The criticism of Instruction 3 is hypercritical and without merit. The exceptions preserved to Instruction 6 present the

4. INTOXICATING
   LIQUORS: nui-
   sance: unusual
   quantity in
   residence.

only debatable question in the case. The appellant interprets this instruction as permitting the jury to presume defendant's guilt from the presence of an unusual or unreasonable quantity of intoxicating liquor in his residence. The last clause of the instruction, if considered alone, and separately from the rest of the paragraph, would seem to afford some support to appellant's contention. When it is read, however, as a part of the entire instruction, we think that the jury could not have been misled by it. It is conceded that, at the time of the trial, Section 2427 of the Code of 1897 had been repealed; and, if the instruction was open to the interpretation placed upon it by the appellant, a reversal might be necessary. The court specifically instructed the jury that the defendant had the right to have and keep intoxicating liquors in his home for his own use, and that the finding of some quantity therein would not of itself justify a presumption that same was kept for illegal sale. The jury was also told that, in determining whether the liquor was designed and intended for personal use only, it might take into consideration the quantity,—that is, whether unusual or unreasonable,— and, from all the facts and circumstances shown, determine the true purpose and intention of the defendant. Had the court said that the presence of an unusual or unreasonable quantity of intoxicating liquor in the defendant's residence might be sufficient, with the other facts and circumstances, to permit a finding that they were kept for the purpose of illegal sale, there could have been no objection to the instruction. This, we think, was fairly its meaning, when carefully considered as a whole, and in connection with the other paragraphs of the charge. The proof is quite conclusive of guilt, and that the residence was used as a place for storage and sale.

V. It is also urged by counsel in appellant's behalf that the punishment inflicted is unreasonable and excessive. It is true that the sentence is somewhat severe; but, if appellant's conviction was justified by the evidence, as we think it was, he was deliberately engaged in systematically and persistently violating the law. The language of this court in *State v. Hillman*, 200 Iowa 320, is particularly applicable. We are not disposed to interfere with the judgment below.

Since we find no error in the record, the judgment is—
*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.