STATE OF IOWA, Appellee, v. WILLIAM BELL, JR., Appellant.

No. 46441.

NOVEMBER 14, 1944.

REHEARING DENIED FEBRUARY 9, 1945.

George W. Crank and Chas. P. Howard, both of Des Moines, for appellant.

John M. Rankin, Attorney General, Wm. F. McFarlin, Assistant Attorney General, Francis J. Kuble, County Attorney, and Ed S. Thayer, Assistant County Attorney, for appellee.

MANTZ, C. J.—The grand jury of Polk County, Iowa, indicted the defendant, William Bell, Jr., for the crime of rape, charging that said defendant raped Rita Darlene Flatt, a female child under the age of sixteen years. The defendant entered a plea of not guilty but on trial was convicted and was

sentenced to life imprisonment. His motion to set aside the verdict and to grant a new trial because of the insufficiency of the evidence and errors committed during the trial being over-ruled, he has appealed to this court.

The defendant urges various errors alleged to have been committed in the lower court which, he claims, require a reversal. We will consider the claimed errors.

I. He urges that the court erred in permitting the jury to pass upon the charge set forth in the indictment, to wit, rape, and claims that the evidence was not sufficient to justify the court in so doing. In order to pass upon this claimed error it will be necessary for us to review the evidence. The crime charged was a revolting one and we can see no useful purpose in setting out its details. As a matter of fact, there is little dispute in the facts save in one particular, i.e., the commission of the acts necessary to constitute the crime of rape. Defendant admits having committed acts which clearly indicate an attempt to consummate the crime of rape but denies having gone to the length of committing the act itself. Summed up, it is the claim of the defendant that there was no penetration of the sexual organs of the prosecuting witness. Contradicting this there was the positive statement of the child that there had been. The defendant admitted the giving and signing of a statement, following his arrest, wherein he admitted that he had committed the completed act. The prosecuting witness was examined by a physician a few days following the claimed offense and was found to be suffering from a gonorrheal infection. A like examination was made of the defendant at about the same time and he was found to be afflicted with the same disease. The proof in both instances was positive. In fact, the defendant admitted that he was afflicted with that disease. There was in the record other evidence tending to show that the crime had been committed and that the defendant was the perpetrator thereof.

Rita Darlene Flatt was a child aged ten years. Defendant was forty-three years old. He knew the girl and on one or two occasions she had helped him in his work as a janitor, polishing and dusting furniture in an apartment house. On a previous

day the girl had assisted him in that work and he had paid her a small sum of money. On the day. in question they were alone in the room and at that time the alleged act took place. Following the incident it was found that she was bruised and swollen about her private organs and parts of her clothing were soiled and stained. The prosecuting witness complained to her mother, naming the defendant as having raped her.

Other matters were shown in evidence but we think the above sufficient to require the court to submit to the jury the charge lodged against the defendant. We have carefully gone over the entire record and hold that a jury question was presented and that the court did not err in overruling defendant's motion for a directed verdict. We find nothing in the evidence justifying us in interfering with the verdict rendered. State v. Madden, 170 Iowa 230, 148 N. W. 995; State v. Glendening, 205 Iowa 1043, 218 N. W. 939; State v. Manly, 211 Iowa 1043, 233 N. W. 110; State v. Crandall, 227 Iowa 311, 288 N. W. 85.

II. The defendant urges as error the action of the court in permitting the prosecuting witness to testify, over objections of defendant, that she had made complaints to her mother a few days following the alleged crime and also in permitting the mother to testify to the fact that her daughter had made such complaints. The alleged act was claimed to have been committed on Saturday, May 1, 1943, and the complaints to the mother were made the Friday following. The mother testified, over objection, that her daughter complained to her that on that date she had been raped and that the defendant, "Bill," committed the act. The daughter gave like testimony. The State withdrew all of the evidence as to the details of the act except the fact of the complaint, the nature of the offense, and the identity of the perpetrator. We think that the evidence allowed to remain was permissible and proper.

In the case of State v. Peterson, 110 Iowa 647, 82 N. W. 329, this court held that complaints that the defendant had assaulted and ravished the prosecuting witness might be given by such witness; also that lapse of time in making the complaint is not the sole test of admissibility. Delay in making complaint goes to the weight of such evidence.

In the case of State v. Symens, 138 Iowa 113, 115 N. W. 878, this court held that the State could show complaints of a prosecuting witness when made to the person to whom they would naturally be made; and that, while it is not permissible to give details of the complaint, enough may be given to show the nature of the complaints, even though it involves to some extent the particulars thereof. In the above case the lower court permitted the prosecuting witness to testify that she told her mother that the defendant, Peter Symens, had had sexual intercourse with her against her will. Later the mother was permitted to testify that her daughter, the prosecuting witness, told her that Peter Symens had had sexual intercourse with her by force and against her will that night. This evidence was received over objection as calling for conclusion of the witness, incompetent, irrelevant, and immaterial, and hearsay evidence. The court held that there was no error in admitting such testimony. See State v. Barkley, 129 Iowa 484, 105 N. W. 506; State v. Egbert, 125 Iowa 443, 101 N. W. 191; State v. Powers, 181 Iowa 452, 164 N. W. 856. In State v. Hutchinson, 95 Iowa 566, 64 N. W. 610, it was held proper to show complaints made by the prosecuting witness as to who her assailant was and as to what he did to her. It was proper to show that she named the party and enough of her complaint may be detailed to show what act of the defendant she complained of: that is to say, that what he did was criminal. It has been held that where the prosecutrix is a very young child the rule is not applied with the same strictness as in the case of an adult or of one who has reached such an age as to have an understanding of such matters. State v. Andrews, 130 Iowa 609, 105 N. W. 215; 44 Am. Jur. 952, sections 82–86 inclusive.

In the present case the prosecuting witness was a ten-year-old child. Her story showed nothing incredible. Neither did it have anything in it indicating that it was "trumped up" or false. We hold that the court did not err in permitting evidence to be received concerning such complaints.

III. The defendant urges that the court erred in refusing to sustain defendant's objection to a part of the opening argument of the State, and in particular to the following statement of Mr. Thayer, the assistant county attorney:

"I assume that the attorneys in this case wouldn't be satisfied with the proof in this case unless it went to the point that this man had killed this little girl."

Mr. Howard, for defendant:

"I object to that statement as being inflammatory, incompetent, and improper, and ask the Court to admonish counsel to refrain from that line of questioning. I don't know what on earth could have happened to justify it."

The court:

"I don't know. That is a statement of his own opinion as to proof in the case. What he says of course is not going to be taken, under the Court's instructions to this jury already made, what he says, what any of the attorneys in the case say, is not part of the evidence. I think he can draw his conclusions about what he thinks of the evidence, the proof."

Following this the court addressed the jury as follows:

"Ladies and Gentlemen of the Jury: As the Court has already told you, the attorneys make these arguments to tell you what they believe the evidence shows and what they believe the proper conclusions to be drawn are, and as I have heretofore told you, their statements, whether they are telling you what they believe the evidence shows or what they believe the conclusions to be drawn may be, certainly is not to be taken by you as evidence in this case, but only as their opinions and their ideas of the case or the evidence, as they see it. You are to decide this case, as I have told you, and will tell you again in written instructions, on the evidence you hear here in this case and the instructions of the Court, and on nothing else, outside of what the evidence shows, of course, at all times applying the instructions of the Court."

Evidently the court's statement to the jury was intended to advise them that they were to determine the case by the evidence, guided by the court's instructions, and, while the statement by the court was not a direct admonition to the assistant county attorney, yet it could be given that construction. No

further complaint was made concerning the statement and no instruction was requested by the defendant upon that point.

Later there arose a further controversy between counsel as to a statement alleged to have been made by Mr. Thayer in argument to the jury, in which he stated to that body that, following the time a copy of the confession, or statement of the defendant, was furnished to his attorneys, he imagined that what Mr. Howard did, after getting a copy of the statement, was to "run right over to the county jail and tell this fellow [defendant], 'Wait a minute. You didn't do this.' '' In the argument ensuing Mr. Thayer claimed that what he said was in answer to some assertions made in argument on behalf of the defendant as to the unfair practice of an assistant county attorney in interviewing the defendant. Following statements of counsel on both sides as to what had been said in argument and what had brought forth the statement by Mr. Thayer, the court said:

"You go ahead and make your argument. Keep in mind what I have told you, Ladies and Gentlemen of the Jury."

It is elementary that in making an argument to a jury counsel have a right to draw their own conclusions. The court, in referring to the first objection made, evidently felt that that was what Mr. Thayer was doing when he made the claimed objectionable statement. It seems to us that the statement was unnecessary and uncalled for, but, in view of the statement of the court to the jury, we do not think it was so prejudicial as to call for a reversal of the case. We think that the same holds true as to the second complaint as to what happened following the time when Mr. Howard was furnished a copy of the confession and went to the jail to see his client. There was a controversy as to what had been said in argument preceding the statement objected to. The State claimed that the alleged statement was in answer to what counsel for the defendant had stated in prior argument. The arguments in the case were not reported and this court is not able to determine what statements were made, the cause or reason therefor. However, we are unable to see where any prejudice could have resulted from what

the assistant county attorney said. Telling the jury what the attorney for the defendant might or might not have said to his client would amount to nothing more than mere speculation, and we question whether such a statement would be given serious consideration by the average juror. In arguments to a jury, counsel are entitled to some latitude in analyzing the evidence, drawing conclusions, and pointing out inferences which they feel may be drawn therefrom. As in various other situations, there is a border line between the proper and the improper.

It is the duty of the trial court to see that the arguments are kept within proper bounds. This duty is highly imperative when a person is on trial charged with a serious offense. A defendant is entitled to the protection of the law and the court should see that his rights therein are not transgressed.

The sentence pronounced upon the defendant was serious— life imprisonment; yet the crime committed was of a most serious nature. The tender age of the prosecuting witness and the communicating to her of a foul and loathsome disease make the case all the more aggravating. The taking advantage of a tender child by a mature person for the purpose of satisfying animal passions calls for the imposition of a severe penalty. The case is affirmed.—Affirmed.

All JUSTICES concur.