P. J. MART, Appellant, v. PERCY A. LAINSON, Warden, Appellee.

No. 47174.

(Reported in 30 N. W. 2d 305)

JANUARY 13, 1948.

Carlos W. Goltz and Fred S. Nordenson, both of Sioux City, for appellant.

R. N. Johnson, Jr., County Attorney, and Francis E. Van Alstine, of Pocahontas, for appellee.

MULRONEY, C. J.—P. J. Mart, an inmate of the Iowa State Penitentiary, brought habeas corpus action against Percy A. Lainson, the warden of the penitentiary, presenting issues of jurisdiction and due process of law in the proceedings which resulted in petitioner's commitment to the penitentiary. The trial court denied the writ and petitioner appeals.

I. The jurisdictional challenge is based upon the wording of the county attorney's information upon which petitioner was tried and found guilty. It is as follows:

"Comes now F. E. Van Alstine, as County Attorney of Pocahontas County, State of Iowa, and in the name and by the authority of the State of Iowa, accuses P. J. Mart of the crime of assault with intent to commit murder committed as follows:

"And charges that the said P. J. Mart, on or about the 29 day of October, A.D., 1944, in the County of Pocahontas and State of Iowa, did assault Harold Loomis, a human being, with intent to commit murder."

The foregoing information may be imperfect in sentence structure and diction but clearly it was not so deficient that it fails to charge an offense under the laws of this state. See McBain v. Hollowell, 202 Iowa 391, 210 N. W. 461. We hold the information was a sufficient charge and therefore the court had jurisdiction.

II. With reference to the question of due process of law, we are asked to review the record of petitioner's conviction. This we have done in State v. Mart, 237 Iowa 181, 188, 20 N. W. 2d 63, 67, and our conclusion stated in our opinion in that case is:

"* * * that this defendant [P. J. Mart] had a fair trial and that there was no prejudicial error which would warrant or require a reversal."

In a petition for rehearing after our opinion last cited was filed, it was again pressed upon us by petitioner that the "legal and constitutional rights of the appellant [P. J. Mart] were not preserved in the trial court" and this petition for rehearing was overruled. We find no new issue on the question of due process presented in this appeal. The trial court was right in holding petitioner's conviction, sentence, and commitment satisfied the requirements of due process of law.

 III. The petitioner was convicted of assault with intent to commit manslaughter. He argues that such a crime does not exist. He is opposed by a conclusive line of authority in this state. State v. Marish, 198 Iowa 602, 200 N. W. 5; State v. Crutcher, 231 Iowa 418, 1 N. W. 2d 195. The attorneys who represented petitioner upon the appeal from his conviction stated in their brief filed in this court:

"We concede, however, that it has been definitely settled in this jurisdiction that there is such a crime [assault with intent to commit manslaughter] and that it is an included offense of assault with intent to commit murder."

There is no merit in petitioner's contention made on this appeal that such a crime as assault with intent to commit manslaughter does not exist in this state.

 Many other propositions are argued at great length in petitioner's brief, but they involve matters that were or should have been raised upon appeal in the criminal action. The petitioner took full advantage of his opportunity to appeal from the judgment of conviction. Upon that appeal we reviewed all of his propositions of error, without regard to whether they had been properly raised in the trial court. State v. Mart, 237 Iowa 181, 186, 20 N. W. 2d 63, 66. This habeas corpus action cannot perform the function of another appeal from the judgment of conviction. Reeves v. Lainson, 234 Iowa 1034, 14 N. W. 2d 625. The only issues germane to this appeal are the issues involving jurisdiction, due process, and the included question of

the existence of the crime charged. It is our conclusion that the trial court in the criminal case had jurisdiction, that the criminal proceedings were not violative of due process, that the judgment of conviction was not void and that he was convicted of a crime which is an included offense in the crime of assault with intent to commit murder, under the laws of this state. The judgment of the trial court is affirmed.—Affirmed.

BLISS, HALE, GARFIELD, MANTZ, SMITH, and HAYS, JJ., concur.

OLIVER, J., takes no part.