James Clyde Meeks, appellant, v. Percy A. Lainson, warden, appellee.

No. 48769.

(Reported in 71 N.W.2d 446)

July 27, 1955.

James Clyde Meeks, pro se.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and R. N. Johnson, County Attorney of Lee County, for appellee.

MULRONEY, J.—Plaintiff, who was defendant in State v. Meeks, 245 Iowa 1231, 65 N.W.2d 76, made application to the district court of Lee County for a writ of habeas corpus. In his petition for the writ he alleged he was unlawfully restrained of his liberty by the present defendant, Warden Percy A. Lainson of the Iowa State Penitentiary at Fort Madison in Lee County, Iowa. The district court, being of the opinion the petition showed on its face plaintiff was not entitled to the relief demanded (see section 663.6, Code, 1954), refused to allow the writ, and plaintiff appeals.

The petition for the writ sets forth most of the facts on which the State relied in plaintiff's trial on an indictment for uttering a forged instrument, which trial ended in his conviction of the charge and sentence to ten years in the penitentiary at Fort Madison. The judgment of the trial court in that criminal case was affirmed on appeal to this court. See State v. Meeks, supra.

The petition for the writ of habeas corpus sets forth five "points" which petitioner alleges show his conviction and sentence, whereby he is now detained and imprisoned, are illegal and unlawful. They are: (1) the indictment (a copy of which was attached to the petition) failed to charge an offense; (2) the indictment was void because it was founded upon insufficient and illegal evidence introduced before the grand jury; (3) the trial court deprived petitioner of his right to the assistance of counsel; (4) evidence obtained by alleged unlawful search and seizure was used against him in the criminal trial; and (5) alleged entrapment evidence was used against him in the criminal trial.

 I. Plaintiff's first point that the indictment does not charge an offense is based upon the omission of certain language in the indictment. The indictment reads: "The Grand Jurors

of the County of Wapello in the name and by the authority of the State of Iowa accuse James Clyde Meeks alias L. H. Stone of the crime of uttering a forged instrument ........ and charge that the said James Clyde Meeks alias L. H. Stone in the County and State aforesaid on or about the 23rd day of October, 1953, did wilfully and unlawfully in Wapello County, Iowa, utter as genuine a forged instrument purporting to be a check dated October 21, 1953, on the Burlington Bank & Trust Co., Burlington, Iowa, in the amount of $415.00, made payable to one L. H. Stone and showing the drawer's name as W. H. Barton, in violation of Chapter 718.2 of the 1950 Code of Iowa. * * *."

Plaintiff points to the statute, or section 718.2, Code of 1950, which provides for punishment if a person "utter and publish as true * * * [an] instrument * * * knowing the same to be * * * forged * * * with intent to defraud * * *." Plaintiff argues the indictment failed to charge a crime because there is no allegation he knew the check for $415 was forged and no allegation of intent to defraud.

There is no merit in the argument. The indictment was sufficient under section 773.3, Code, 1950, in that it uses the name given to the offense by statute and the number of the statute in the Code. Indeed the indictment is in almost the exact permissible form for alleging the crime of uttering a forged instrument. See section 773.34, Code, 1950, where the statute says "the following forms may be used" and at the end of a long list of permissible forms for many crimes, states: "Uttering a forged instrument—A. B. uttered as genuine a forged instrument purporting to be a promissory note (or describe the note or give its tenor or substance)."

Chapter 773, Code, 1950, contains the provisions of our so-called short form indictment law. It has withstood constitutional assaults because of the provisions entitling a defendant to a bill of particulars if he is not fully apprised of the offense of which he is charged. Section 773.5, Code, 1950; State v. Keturokis, 224 Iowa 491, 276 N.W. 600. In the absence of a request for a bill of particulars, any indictment which meets the requirements of the short form indictment law is legally sufficient.

1240

■ While we have chosen to answer this point by holding the indictment sufficient, we do not mean to imply mere insufficiency of the indictment can be tried out in habeas corpus. See Furey v. Hollowell, 203 Iowa 376, 212 N.W. 698. As a rule one who attacks an indictment by a habeas corpus action would have to show a total failure to allege any offense known to the law. 39 C. J. S., Habeas Corpus, section 17.

■ II. The second point alleged in the petition raises the question of whether the legal sufficiency of evidence before a grand jury can be inquired into on habeas corpus proceedings. The petition alleges the grand jury had no evidence introduced before it, that the check in question was a forged instrument. But section 663.36, Code, 1950, specifically states: "[in habeas corpus actions] it is not permissible to question the correctness of the action of the grand jury in finding a bill of indictment * * *." This statute is merely an expression of the general rule. 25 Am. Jur., Habeas Corpus, section 39; In re Kennedy, 144 Cal. 634, 78 P. 34, 67 L. R. A. 406, 103 Am. St. Rep. 117, 1 Ann. Cas. 840; Loughran v. Warden of Maryland House of Correction, 192 Md. 719, 64 A.2d 712.

■ III. Points 3, 4 and 5 can be disposed of quickly. Without giving other answers to these points it is enough to say they are all matters which were or should have been raised and disposed of by appeal in the criminal case. Point 3 was raised on the appeal in the criminal case and decided in our opinion where we held plaintiff waived and refused counsel. See 245 Iowa at page 1240, 65 N.W.2d at page 81. Points 4 and 5 are nothing more than asserted errors in the admission of evidence in the criminal trial. A "habeas corpus action cannot perform the function of another appeal from the judgment of conviction." Mart v. Lainson, 239 Iowa 21, 23, 30 N.W.2d 305, 306.

The action of the trial court denying the writ is affirmed.— Affirmed.

All JUSTICES concur.