WILLIAM BELL, JR., appellant, v. PERCY A. LAINSON, warden of
Iowa State Penitentiary, appellee.

No. 48871.

(Reported in 74 N.W.2d 592)

FEBRUARY 7, 1956.

William Bell, Jr., pro se.

Dayton Countryman, Attorney General, and Raphael R. R. Dvorak, Assistant Attorney General, for appellee.

OLIVER, J.—In 1943 the grand jury of Polk County indicted plaintiff for rape, as defined in section 12966, Code of Iowa, 1939 (now section 698.1, Code of 1954), charging he raped Rita Darline Flatt, a female child under the age of sixteen years. He was represented by attorneys, pleaded not guilty, was tried and convicted of the offense charged, his motion for new trial was denied and he was sentenced to imprisonment for life. Upon appeal the judgment was affirmed. State v. Bell (1944), 235 Iowa 767, 16 N.W.2d 218. Thereafter his petition for rehearing was denied. In 1955 he instituted this proceeding in habeas corpus in Lee District Court against the warden of the penitentiary in which he was confined. The petition for the writ sets out what purports to be a copy of the indictment and the minutes of the testimony of witnesses before the grand jury. The district court refused to allow the writ on the ground the petition showed plaintiff would not be entitled to any relief. Section 663.6, Code of Iowa, 1954. Plaintiff has appealed.

▆ Habeas corpus cannot perform the function of an appeal from a judgment of conviction and may not be used as a means of reviewing errors of law and irregularities, in connection with the charge and trial, not involving the question of jurisdiction. Mart v. Lainson, 239 Iowa 21, 23, 30 N.W.2d 305, 306; Mahar v. Lainson, 247 Iowa 297, 301, 72 N.W.2d 516, 519; Gibson v. Lainson, 244 Iowa 1396, 1398, 60 N.W.2d 797, 798; Reeves v. Lainson, 234 Iowa 1034, 14 N.W.2d 625; Convey v. Haynes, 230 Iowa 485, 487, 488, 298 N.W. 647, 134 A. L. R. 966; 39 C. J. S., Habeas Corpus, section 15.

Section 663.36, Code of Iowa, 1954, provides (in habeas corpus actions) : "It is not permissible to question the correctness of the action of the grand jury in finding a bill of indictment, or of the trial jury in the trial of a cause, nor of a court or judge when lawfully acting within the scope of their authority."

Meeks v. Lainson, 246 Iowa 1237, 1240, 71 N.W.2d 446, 448,

states: "This statute is merely an expression of the general rule. 25 Am. Jur., Habeas Corpus, section 39;" and other citations.

I. Appellant was originally held to answer the charge of lewd and lascivious acts upon a child. The child was then ten years of age. The grand jury indicted him for rape upon her. He asserts this indictment, upon a different charge, was contrary to the due process clause of the Fourteenth Amendment to the Constitution of the United States. A complete answer to this is that the indictment for rape was proper, irrespective of the charge upon which appellant was held. Another answer is, the correctness of the action of the grand jury may not be questioned by habeas corpus. See Code section 663.36, and Meeks v. Lainson, supra.

II. Another contention is, there was no corroborating evidence or any evidence to show the crime of rape was committed. It appears this contention was made in the trial court and in this court upon appeal. Even though the contention were correct, such errors could not properly be reviewed by habeas corpus. See the authorities above cited. However, the record on appeal shows appellant testified at his trial: "* * * I just laid her (the child) on the bed on her back. * * * I put my private organ down between her legs. I did not put it in her private organ."

The decision upon the original appeal, State v. Bell, 235 Iowa 767, 768, 16 N.W.2d 218, 219, states: "Defendant admits having committed acts which clearly indicate an attempt to consummate the crime of rape but denies having gone to the length of committing the act itself. Summed up, it is the claim of the defendant that there was no penetration of the sexual organs of the prosecuting witness. Contradicting this there was the positive statement of the child that there had been. The defendant admitted the giving and signing of a statement, following his arrest, wherein he admitted that he had committed the completed act."

There was other substantial evidence corroborating the testimony of the child. Appellant's contention the proof or corroboration was insufficient overlooks the record.

III. Appellant's petition for writ of habeas corpus

asserts he was questioned intensively and beaten brutally by police officers and was thus forced to sign a confession which was used against him, and therefore he was denied his right to due process of law. The confession was made only a few hours after appellant was taken into custody. At his trial he did not testify it was secured by brutality or third-degree methods. He admitted giving the answers to the questions as shown in the confession. His explanation from the witness stand was: "I was suffering with an abscess in my tooth; I didn't pay attention to half the things that was said to me." There was substantial testimony from witnesses that the confession was made and signed voluntarily and with full knowledge of its contents. Another witness testified appellant told him he (appellant) was guilty of the offense charged. Reference has already been made to appellant's testimony at his trial, concerning his conduct with the child.

The court instructed the jury, in proper form, to disregard the confession unless the jury found it was given voluntarily, knowingly, etc. Hence, the effect, if any, to be given the confession turned upon a finding of fact by the jury. The correctness of the finding of the trial jury upon this point may not be questioned by habeas corpus. Code section 663.36 and decisions above cited.

Other matters alleged in the petition, if true, were merely errors or irregularities which would not justify the issuance of a writ of habeas corpus.

The order of the trial court denying the application for such writ was not erroneous.—Affirmed.

All JUSTICES concur.