JOSEPH ALPHONSE SIEREN, appellee, v. WILBUR R. HILDRETH, sheriff of Polk County, appellant.

No. 50753.

(Reported in 118 N.W.2d 575)

December 11, 1962.

Rehearing Denied March 12, 1963.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Harry Perkins, Polk County Attorney, for appellant.

From & Sloane, of Des Moines, for appellee.

Larson, J.—This is a habeas corpus proceeding in which petitioner seeks to avoid a judgment of operating a motor vehicle while intoxicated wherein the court sentenced him to serve ninety days in jail or pay a fine of $500. It was contended that the judgment was void because two of the jurors who rendered the verdict of guilty were disqualified due to the fact that they were not duly selected for jury duty by the jury commission as required by sections 602.34, 602.35 and 602.36, of the 1958 Code of Iowa, and that this fact was not known to petitioner until months

after his conviction. The trial court sustained the writ and discharged defendant from custody. The State appealed.

■■ I. It is the general rule in this state that habeas corpus ordinarily will not lie because of error or irregularities in drawing, summoning or impaneling the petit jury. It is also well settled both by statute and decisions in Iowa, as in most jurisdictions, that an objection or challenge to the proposed petit jurors must be made before the jury is sworn where the grounds of objection are known or the means of their ascertainment are available. Section 779.3, Code, 1958; rule 187(d), Iowa Rules of Civil Procedure; 31 Am. Jur., Jury, section 154; 50 C. J. S., Juries, section 251; State v. Pickett, 103 Iowa 714, 720, 73 N.W. 346, 39 L. R. A. 302; State v. Burch, 202 Iowa 348, 349, 350, 209 N.W. 474; State v. Walker, 192 Iowa 823, 827, 185 N.W. 619; Varble v. Whitecotton, 354 Mo. 570, 190 S.W.2d 244, 245; Ex parte Sullivan, 155 Fla. 111, 19 So.2d 611; Mart v. Lainson, 239 Iowa 21, 23, 30 N.W.2d 305; Ford v. United States, 201 F.2d 300, 301, 5th Cir. (1953).

■ II. The rule is also well established that a habeas corpus action cannot perform the function of another appeal from the judgment of conviction. Bell v. Lainson, 247 Iowa 505, 74 N.W.2d 592; Meeks v. Lainson, 246 Iowa 1237, 71 N.W.2d 446; Reeves v. Lainson, 234 Iowa 1034, 14 N.W.2d 625; Mart v. Lainson, supra, 239 Iowa 21, 30 N.W.2d 305; 39 C. J. S., Habeas Corpus, section 15; 25 Am. Jur., Habeas Corpus, section 50.

The only issue germane to this appeal is the issue involving jurisdiction. It is not claimed that the jurors had been challenged for any cause prior to being sworn or that those who served in this case were not fair or impartial. Therefore, the constitutional right of trial by a fair and impartial jury is not involved. The State contends that the errors and irregularities complained of are not sufficient to avoid the proceedings which resulted in petitioner's conviction. We agree.

From the record it appears that almost a year after the verdict the petitioner learned that the names of seventy-nine persons not selected for jury duty by the jury commission had been placed in the jury panel box. Prior to that time no one concerned with the trial knew that fact and, although the jury

list book containing the names of persons properly selected for jury duty for that year was kept in the office of the clerk of the municipal court available for inspection by interested parties, petitioner did not examine it or compare the names drawn with that list before accepting the two jurors not so listed to serve on his case. He did not interrogate them as to this qualification and did not challenge them or the panel. It also appears the discovery was made just before the submission of his appeal to the Supreme Court, and that no such issue was presented in that appeal or by a petition for rehearing. Thus the sole issue before us in this appeal is whether the judgment rendered against petitioner on September 24, 1960, and affirmed by us on October 17, 1961 (State v. Sieren, 253 Iowa 118, 111 N.W.2d 249), was void, and not merely voidable.

III. Questions which may or should be decided at the trial or reviewed upon appeal have no place in a habeas corpus proceeding in the absence of exceptional circumstances. In 39 C. J. S., Habeas Corpus, section 15, page 448, it is said: "Where the restraint is under legal process, mere errors and irregularities which do not render the proceeding void are not ground for relief by habeas corpus, because in such cases the restraint is not illegal." Only when inexcusable, radical and fatal defects plainly and undisputably manifest of record appear, should relief be granted in habeas corpus. Also in 25 Am. Jur., Habeas Corpus, section 50, page 181, it is stated: "Mere errors or irregularities in the selection or formation of petit juries cannot be inquired into in habeas corpus proceedings", citing Ex parte Benefield, 31 Okla. Crim. 1, 236 P. 625; Younger v. Hehn, 12 Wyo. 289, 75 P. 443, 109 Am. St. Rep. 986. This is true even though the errors or irregularities committed during the trial or in the proceeding preliminary thereto are numerous and gross. Ex parte Benefield, supra.

In McCormick v. Hollowell, 215 Iowa 638, 642, 246 N.W. 612, we ourselves pointed out that the finding of reversible error will avail nothing to the petitioner in a habeas corpus proceeding, that the petitioner could have obtained a review of the judgment by appeal, but in not doing so he waived his right in that respect, and that it is well settled that if the court has jurisdic-

1014

tion of the person and of the subject matter, the judgment entered may not be assailed in a habeas corpus proceeding.

It is true in the early case of State v. Groome, 10 Iowa 308 (1860), this court placed the heavy burden of putting none but competent jurors in the jury box, and made a failure to do so jurisdictional. However, we have since reversed that position, and in State v. Pickett, supra, 103 Iowa 714, 719, stated: "The State makes no guaranty as to the competency of jurors * * *" and pointed out that every party should be held to exercise the right given him to examine as to the qualifications of jurors called to act in his case, and that if he waives that right he be concluded thereby, unless actual prejudice is otherwise shown.

Since then we have consistently held that unless prejudice is shown it will be assumed the parties have examined the jurors on their voir dire and have elicited such facts from each of them as they deem sufficient to determine their fitness to serve as jurors.

In State v. Burch, supra, 202 Iowa 348, 349, 209 N.W. 474, involving a similar matter where an alleged incompetent juror served on a jury that convicted defendant, we held that any tenable objection to the juror is waived by not discovering the incompetency until after the verdict. Also see State v. Walker, supra, 192 Iowa 823, 827, 185 N.W. 619, to the same effect, although there a challenge to the panel was made which should have been sustained and required a remand in the appeal.

On this point the rule is well stated in Ford v. United States, supra, 201 F.2d 300, 301, which was also an appeal from a conviction below. There the court said: "It is the right and duty of a defendant to discover on voir dire examination, or from other sources, whether a talesman is subject to disqualification for cause. Where the objection to a juror relates, not to actual prejudice or other fundamental incompetence, but to a statutory disqualification only, such disqualification is ordinarily waived by failure to assert it until after verdict, even though the facts which constitute the disqualification were not previously known to the defendants." There an objection to a juror predicated upon his previous felony conviction came too late, after the verdict, there being no showing of actual bias or prejudice. Also see

United States ex rel. Jackson v. Brady, C. C. A. Md., 133 F.2d 476, affirmed D. C. 47 F. Supp. 362, where it was held a defendant had waived a constitutional objection when he had a full opportunity to raise it in a case tried and appealed in state courts, but later attempted to raise it for the first time by habeas corpus in federal court.

IV. The fact that two jurors not properly selected by the jury commission were permitted to serve on the jury that rendered the verdict against petitioner here, under the circumstances revealed amounted to no more than an error or irregularity, and did not render the judgment of the court void. Habeas corpus being a collateral proceeding, the fact that appellee did not discover the irregularity prior to trial and make a timely objection, whether excusable or not, will not justify the issuance of a writ. Regardless of who was at fault in not discovering the irregularity or whether the cause might have been reversed had the issue been raised on appeal, the judgment cannot now be regarded as a nullity. We have never departed from that view since the early case of Foreman v. Hunter, 59 Iowa 550, 13 N.W. 659. There we considered a habeas corpus petition in a like matter, and refused to discharge the petitioner when it appeared a verdict was rendered by a jury, two members of which were aliens and not qualified as jurors. We held the verdict was erroneous but not void, that it could have been reversed if that objection had been raised on appeal, but the judgment rendered thereon could not thereafter be regarded as a nullity.

Since the court had jurisdiction of the person and the subject matter in the original cause, we are satisfied nothing appears herein which would have deprived the court of its jurisdiction to act, that the judgment was not void, and that the errors or irregularities disclosed in the selection and impaneling of the jury did not divest the court of jurisdiction.

The judgment of the trial court is reversed, the writ discharged, and petitioner is remanded to the custody of the Sheriff of Polk County, Iowa.—Reversed and writ discharged.

All JUSTICES concur.