STATE of Iowa, Appellee,

v.

Garth Edwin GROVE, Appellant.

No. 53582.

Supreme Court of Iowa.

Oct. 14, 1969.

Glenn M. Bradley, Sigourney, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and Raymond A. Sloan, Jr., County Atty., for appellee.

LeGRAND, Justice.

Defendant was convicted of forgery in violation of section 718.1, Code of Iowa. He appeals from judgment sentencing him to a term of not more than ten years in the penitentiary. We affirm.

The appeal presents two questions for determination: (1) the refusal of the trial court to grant a new trial because five members of the jury had also served on the jury before which defendant had been tried for another crime; and (2) the alleged erroneous admission of testimony by the state's handwriting expert.

Before discussing the errors assigned, we give a brief factual background. On July 20, 1968, defendant bought a keg of beer at

a Keota tavern. He paid for his purchase by a check in the amount of $22.00 drawn on the White State Bank of South English, Iowa. Defendant signed the check in the name of Jack Green.

The evidence disclosed there was no such account at the bank. Payment of the check was, of course, refused, and it was returned to the payee. A charge of forgery was brought against defendant.

Defendant's activities on the evening of July 20—the date of the forgery—also led to a charge of breaking and entering against him. He was tried first for that offense. This trial terminated in a directed verdict for defendant.

One week later defendant was brought to trial on the forgery information. Five members of the jury who had served on the breaking and entering trial were also on the jury which found defendant guilty of forgery.

I. Although the two offenses are entirely dissimilar, defendant asserts much of the evidence at the first trial was necessarily prejudicial to defendant on the second. He insists he is entitled to a new trial.

Defendant first registered this protest in his motion for new trial. Although he was represented by the same attorney at both trials—not, incidentally, counsel who appears for him on this appeal—no challenge was made to any of the jurors when the forgery jury was selected.

Prior to trial on that charge, various motions were made by both the State and the defendant. Defendant sought to suppress certain evidence. He also asked for a dismissal on the ground of double jeopardy. Although defendant now claims to the contrary, no reasonable interpretation of the motions could lead to a finding this matter was called to the trial court's attention at that time.

The record shows defendant's counsel on voir dire questioned the five jurors concerning their service on the previous jury. While we do not know the extent of such examination, we must assume it was as complete as counsel thought necessary. Apparently the answers of all jurors disclaimed any prejudice and each felt he was able to give defendant a fair trial. No challenge was made to any.

Defendant now argues a challenge would have been unavailing because his objection did not come within any of the statutory grounds enumerated in section 779.5, Code of Iowa.

We do not take such a restricted view of that section. It would be strange indeed if the trial court were powerless to prevent before trial a known injustice which could later be the basis for granting a new trial.

Actually the trial court has considerable discretion in acting on challenges to prospective jurors. We believe it is easily broad enough to have justified the excuse of these jurors upon proper challenge. One ground for challenge under section 779.5 is that the juror has "formed or expressed such an opinion as to the guilt or innocence of the prisoner as would prevent him from rendering a true verdict upon the evidence submitted on the trial."

If defendant's present claim has merit, it was equally valid at trial and should have been put before the court then. State v. Sommer, 249 Iowa 160, 176, 86 N.W.2d 115, 125; State v. Johnson, 259 Iowa 599, 604, 145 N.W.2d 8, 10, and citations; State v. McClain, 256 Iowa 175, 183, 125 N.W.2d 764, 768, 4 A.L.R.3d 134. See also annotation at 6 A.L.R.3d 542.

Defendant now asks us to redeem him from his failure to exercise a known right at a time when relief, if proper, would have been available to him. We cannot do so; nor under these circumstances should we.

It is well settled that known objections, or those which may be ascertained, are waived if no challenge is made before the jury is sworn. State v. Burch, 202 Iowa

348, 349, 209 N.W. 474; State v. Brown, 253 Iowa 658, 665, 113 N.W.2d 286, 290; Sieren v. Hildreth, 254 Iowa 1010, 1012, 118 N.W.2d 575, 576 and citations.

Obviously defendant and his counsel were completely familiar with the objection, prior to trial, which is now urged upon us. We have no way of knowing if failure to challenge was deliberate or inadvertent. Our anxiety to assure a fair trial should not be so overextended as to permit a defendant to conceal until the right moment a known right which will nullify his trial should the outcome disappoint him.

We discussed a related question in State v. Allnutt, Iowa, 156 N.W.2d 266, 270, and we believe our comments there are applicable here. See also State v. Baker, 157 Iowa 126, 132, 135 N.W. 1097, 1100, 138 N.W. 841.

■ We hold defendant waived his right to rely on any objection to the jurors by failure to make timely challenge.

II. Defendant's second assignment of error deals with the testimony of Duane L. Barton, an examiner of questioned documents for the Iowa Bureau of Criminal Investigation. His testimony was received under section 622.25, Code of Iowa.

No claim is made that the witness Barton was not properly qualified as an expert. The objection is solely on the ground that Barton compared defendant's signature on the check with other instruments purporting to bear defendant's signature, some of which were not admitted into evidence. Barton testified he examined such instruments.

However, his ultimate opinion was based on an examination of the check and a fingerprint card bearing defendant's signature. The signature on the fingerprint card was undisputed. Barton testified unequivocally that the signature on this card was made by the same person who signed the check upon which the prosecution is based. He described in detail how he ar-

rived at this opinion. An exhibit showing enlarged photographs of these two signatures was introduced into evidence without objection.

■ What Barton's testimony amounts to is no more than this: the questioned signature on the check, and the authentic signature on the fingerprint card were made by the same person. That the witness examined other presumably authentic signatures in the course of his investigation does not render this testimony inadmissible. Defendant cites no authority to support his argument.

We find no error here.

The judgment of the trial court is affirmed.

Affirmed.

All Justices concur.