CHARLES G. KOTEK, appellant, v. JOHN E. BENNETT, warden of Iowa State Penitentiary, appellee.

No. 51141.

(Reported in 124 N.W.2d 710)

NOVEMBER 12, 1963.

REHEARING DENIED DECEMBER 10, 1963.

Charles G. Kotek, appellant, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for appellee.

LARSON, J.—Applicant's petition for writ of habeas corpus filed April 25, 1963, discloses he was charged by county attorney's information with the crime of "murder in the first degree," was tried and convicted of murder in the second degree, and was sentenced to life imprisonment at hard labor in the Iowa State Penitentiary at Fort Madison, Iowa, as provided in section 690.3, Code of Iowa, 1950.

He alleged, among other things, that he was not afforded a fair and impartial trial because he was required to stand trial upon a county attorney's information rather than a grand jury indictment, because the trial court, in pronouncing sentence, considered erroneous information that he had been previously committed to the reformatory at Anamosa, and because in its entirety the proceedings in his trial disclose such a violation of "the applicable provisions of the Constitution of the United States, Amendment 14, section 1, the 'due process of law' and 'equal protection of the laws' ", that the trial court lost jurisdiction to enter a valid judgment therein.

On May 1, 1963, the district court denied appellant's petition for a writ, and on May 4, 1963, he perfected his appeal to us. In its denial of the writ the district court rejected appellant's allegation of impropriety in requiring him to stand trial on a county attorney's information, citing section 769.1 authorizing that method of charging offenses in which the punishment exceeds a fine of $100 or exceeds imprisonment for thirty days. It also rejected applicant's complaint that he had not been granted a Bill of Particulars as requested before his trial in Linn County as not a jurisdictional defect, and held it was a matter which should have been presented in his appeal to the Supreme Court. See State v. Kotek (affirmed May 4, 1954), Iowa, 64 N.W.2d 270. It also concluded that any complaint as to misinformation considered by the trial court when sentencing appellant does not involve the trial court's jurisdiction, but was a matter which should have been raised in his subsequent appeal to the Supreme Court. We agree.

■■■  I. Habeas corpus cannot perform the function of another appeal from a judgment of conviction. Reeves v. Lainson, 234 Iowa 1034, 14 N.W.2d 625; Mart v. Lainson, 239 Iowa 21, 23, 30 N.W.2d 305; Meeks v. Lainson, 246 Iowa 1237, 71 N.W.2d 446, certiorari denied 350 U. S. 889, 76 S. Ct. 145, 100 L. Ed. 783; 39 C. J. S., Habeas Corpus, section 17, page 457. It goes only to the jurisdiction of the court to render the judgment in question and, if the writ is to issue, the petition must allege facts which if proved would make a prima facie showing of no jurisdiction. Rodgers v. Bennett, 252 Iowa 191, 193, 105 N.W.2d 507. Also see section 663.6, Code of Iowa, 1962.

It appears from appellant's argument that he is well aware of his burden, for he contends the "criminal trial court lost jurisdiction" to enter a valid judgment and sentence by denial of his motion for a bill of particulars, and by considering erroneously a prior conviction and sentence to the men's reformatory. Both of these matters should have been raised and considered in his appeal from the original conviction. Since these complaints in no way pertain to a lack of jurisdiction, and should have been considered in the appeal, we find no merit in this assignment of error and certainly no basis of a finding that they constituted a loss of jurisdiction by the trial court.

■  As a rule, one who attacks an indictment or other authorized charge or information by a habeas corpus action would have to show a total failure to allege any offense known to the law. Meeks v. Lainson, supra. Appellant here raised nothing in his application which would have deprived the trial court of jurisdiction. Obviously, then, no evidentiary hearing was required upon these matters. From the petition itself it is clear appellant was charged with an offense known to the law. It is also clear that the denial of his motion for a bill of particulars did not constitute a ground for the issuance of a writ, and that, even if the court did erroneously believe appellant had been previously committed to the men's reformatory, such fact would not provide a ground for the issuance of a writ. Both are at best mere errors or irregularities.

■  It is well settled that when the court has jurisdiction of the person and the subject matter and the punishment is of the

988

character prescribed by law, habeas corpus will not lie for the release of a prisoner because of mere errors, irregularities or defects in the sentence which do not render it void. Streit v. Lainson, 250 Iowa 336, 341, 93 N.W.2d 767.

■ II. The appellant further contends that he was denied the constitutional right of being indicted by a grand jury, as required by the Fifth Amendment to the Federal Constitution, since he was prosecuted on a county attorney's information. The language of this amendment is broad, but has generally been held to be applicable to Federal courts established by the Congress, and not a limitation upon the procedural methods established by state authority. Amendment 3 of the 1884 Amendments to the Iowa Constitution provides that the General Assembly may provide for holding persons to answer for any criminal offense without the intervention of a Grand Jury. The Iowa General Assembly did authorize prosecutions founded upon county attorneys' informations. See section 769.1, Code of Iowa, 1950–1962.

The arguments advanced by appellant, that to permit this deviation from the Fifth Amendment of the Federal Constitution by the states violates the Fourteenth Amendment of the Federal Constitution and denies persons equal protection of the laws, have been previously advanced and rejected by both state and federal courts. Eilenbecker v. District Court of Plymouth County, 134 U. S. 31, 10 S. Ct. 424, 33 L. Ed. 801; State v. Cooper, 344 S.W.2d 72 (Mo. 1961), certiorari denied 368 U. S. 855, 82 S. Ct. 91, 7 L. Ed.2d 52; State v. Ostby, 203 Iowa 333, 337, 210 N.W. 934, 212 N.W. 550. In the Ostby case we considered the contention specifically and stated: "The Fifth Amendment of the Federal Constitution is no limitation upon the power of the state to provide for prosecutions for infamous crimes without an indictment by a grand jury." We are not of a mind to change that view now. County attorney informations, to be effective, must be approved by a judge of the district court (section 769.7) and the rights of an accused are amply protected by other provisions of chapter 769 of our Code. Also see 49 Iowa Law Review 14, at page 23.

We conclude there is no merit in appellant's contention that

one accused of an infamous crime by a county attorney's information is not afforded equal protection of the laws, in violation of the Federal Constitution.

III. As appellant's petition failed to set forth any grounds upon which a writ could be sustained, even if his allegations were proven, the district court did not err in denying him an evidentiary hearing, and its judgment must be affirmed.— Affirmed.

All JUSTICES concur.