THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL MATÍAS CASTRO k/a NELLY, Defendant and Appellant.

Nos. CR-63-297 to CR-63-303.          Decided June 3, 1964.

---

516

*Santos P. Amadeo* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

In *People* v. *Pérez*, 83 P.R.R. 221 (1961) we set aside a challenge against the constitutionality of the Bolita Act, No. 220 of May 15, 1948, 33 L.P.R.A. § 1247 *et seq.*, on the ground that in its title no express reference was made as to

the manner of prosecuting the offenders—§ 4 (33 L.P.R.A. § 1250) provides that all trials corresponding to certain violations of the Bolita Act shall be heard exclusively in the Superior Court without a jury—in spite of the fact that it represents a change in the procedural law in force until its enactment—the former law, Act No. 25 of July 17, 1935 (Sess. Laws, p. 152), conferred jurisdiction on the municipal courts and if said trials were filed in the former district courts defendant was entitled to a trial by jury. Only about three months ago we clarified in *People* v. *Colón Rivera*, *ante*, p. 178, that presuming the nullity of the provision concerning the trial by jury for failure to make express reference in the title, even so the offenders would not be entitled to a trial by jury because the offenses punished were always under the exclusive jurisdiction of the District Court, now Superior Court, and were never prosecuted in the Municipal Courts, now District Courts.

■ Now, appellant argues that the refusal to grant a trial by jury in cases of violation of § 4 of the Act, 33 L.P.R.A. § 1250, which is a misdemeanor, is unconstitutional because it deprives defendant of equal protection of the laws and the due process of law guaranteed by the Constitution of the Commonwealth of Puerto Rico as well as by the Federal Constitution. Essentially, it is maintained that the violation of § 4 "by its nature, the penal sanction provided by law, the place where the sentence may be served, the fact that it established criminal precedent, and serves as the basis [for] a subsequent offense, classified as felony" has more serious consequence[s] than other misdemeanors in which the trial by jury is granted.[1]

---

[1] It refers, among other things, to the cases provided in § 178 of the Code of Criminal Procedure, 34 L.P.R.A. § 462, and to the crime of involuntary homicide, which although misdemeanor, by express provision of law, falls within the jurisdiction of the Superior Court and defendant may request a trial by jury. See Rule 111(a) of the Rules of Criminal Procedure of 1963.

■ In *People* v. *Miranda*, 79 P.R.R. 667 (1956), appellant was convicted of a violation of the Insular Supplies Act. He stated that the provisions of said law providing that the violations of the same will be prosecuted by court without a jury deprived him of the constitutional right of a trial by jury. We set aside this contention and stated "As clearly indicated by the report of the Bill of Rights Committee and the debates of the Constitutional Convention the term 'felony' employed in that constitutional provision [refers to Art. II, § 11, paragraph 2 of the Constitution of the Commonwealth of Puerto Rico] does not include any offense classified as a misdemeanor under the legislation enacted before the Constitution went into effect, which did not necessarily grant the right to trial by jury. *The nature of the offense and the penalties provided by law are of slight importance in this respect.* Here the violations for which appellant was prosecuted were characterized as misdemeanors under Act . . . . And the law specifically provides that the trial shall be held by the court." (Italics ours.) The same occurs in the case at bar.

■ It would be tedious to cite here a line of authorities to sustain that all that is required for the equal protection of laws is that no difference be established in the application of the laws among persons belonging to the same group; that there be no discrimination favoring some and injuring others. Said guarantee does not provide like treatment for all persons accused of public offenses. In the aspect of criminal prosecution, simply that persons charged with the commission of a particular offense be subject to identical procedure in their prosecution. *In re Trummer*, 388 P.2d 177 (Cal. 1964); *State* v. *Latham*, 375 P.2d 788 (Kan. 1962); *People* v. *Turville*, 335 P.2d 678, 689 (Cal. 1959); *Kotek* v. *Bennett*, 124 N.W.2d 710 (Iowa 1963). It is a consequence of the laxity and discretion of the legislative power to establish reasonable classifications. In general see, *The Right to Nondiscrimina-*

*tory Enforcement of State Penal Laws*, 61 Colum. L. Rev. 1103 (1961). As we stated in *Rivera* v. *González, Warden*, 71 P.R.R. 626 (1950), in the exercise of its authority to create offenses and subject to the constitutional provision which grants the right to trial by jury in felonies, in fixing the penalty and which courts shall hear such actions, the legislative power may validly provide, if it deems it advisable for the public policy and purposes of the statute it enacts, that the trials be heard by the court and not by jury. This legislative determination we must respect.

The judgments rendered by the Superior Court, Arecibo Part, on May 10, 1963 will be affirmed.