**STATE of Iowa, Appellee,**

v.

**Charles Edward ALLNUTT, Appellant.**

No. 52573.

Supreme Court of Iowa.

May 7, 1968.

L. M. Hullinger and Margaret L. Beckley, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

SNELL, Justice.

Defendant was charged, tried before a judge and jury, found guilty and sentenced for Breaking and Entering contrary to section 708.8, Code of Iowa. Defendant has appealed. We affirm.

Defendant in his brief says this is the third time we have been asked to review his troubles. See State v. Allnutt, Iowa, 156 N.W.2d 266 and State v. Allnutt, Iowa, 156 N.W.2d 274. These were all separate charges. Counsel argues that the various acts for which defendant was convicted amounted to no more than boyish pranks or the acts of a drunken derelict incapable of any criminal intent. Just which classification of defendant we are asked to accept we do not know. Defendant's age does not appear in the record. There was no evidence of intoxication.

In the light of defendant's record we are unwilling to accept either as justification for attempted burglary, assault with intent to inflict great bodily injury or breaking and entering.

In the present case there is no conflict in the evidence. The State's case consisted of testimony of two police officers. Defendant offered no evidence.

■ I. In considering the sufficiency of the evidence we accept the version most favorable to the State. State v. Allnutt, Iowa, 156 N.W.2d 266, 267, and authorities cited therein.

Two police detectives while routine checking and driving an unmarked car observed defendant in a parking lot at about 1:15 a. m. Defendant was known to the officers. Defendant was standing by a white or cream colored over beige 1967 Chevrolet II. After several minutes two men approached defendant and conversed with him. One or the other would walk around a building and soon return. One carried "a bar of some type" about 12 or 15 inches long. One of the men got the bar out of the car. The three left and the detectives radioed police headquarters for help.

The two detectives walked to the end of the parking lot. They had a clear view through an open door into the office building of Ogden and Adams Lumber Company located nearby. Defendant was outside by the door apparently looking in. His two companions were inside. Defendant walked back and forth in front of the building several times.

The two detectives returned to their car and again radioed for assistance. They then separated "to cover the building and to effect the apprehension of the two people inside." The two were still in the building. One of the detectives yelled "police officer." The two fled leaving behind during their flight three small crowbars. They were soon apprehended by the reenforced police detail.

Defendant was not at the building when the officers returned after their second call for assistance. He was seen walking back into the parking lot. He was stopped and told to remain where he was but while the officer was helping apprehend the other men who were escaping defendant disappeared. He was apprehended several days later.

The office of the lumber company was enclosed by a fence with a double metal gate secured by a chain and padlock. The padlock was broken and the gates unsecured. The hasp and padlock on a double sliding door of the building had been pried off and the doors were partially open. The hasp and padlock on another door had been pried off. Another door giving access to the office had been broken. Inside the office desk doors and cabinets were standing open and papers were scattered about.

■ There was without question ample evidence of a breaking and entering by the two men seen in the building and ample evidence that defendant was aiding and abetting them. Defendant was charged with breaking and entering "with intent to commit a public offense, to-wit: Larceny." There was no evidence that anything was actually stolen. Defendant argues that this "certainly negates any kind of larceny." We do not agree. This argument has been made to and considered by us many times. It was thoroughly discussed in State v. Allnutt, Iowa, 156 N.W.2d 266, 271, filed February 6, 1968 and rejected. What was said there need not be repeated here. There was evidence from which the jury could find an intent to commit larceny.

II. The jury verdict was returned November 29, 1966. Defendant filed motion for new trial, motion in arrest of judgment and motion for acquittal. The State filed resistance thereto. Defendant's motions were overruled January 10, 1967. Defendant claims error in that the hearing thereon had not been previously set and defendant was not personally present.

Section 777.19, Code of Iowa, requires the presence of a defendant "at the trial" if a felony is charged. The motions ruled on here are not mentioned in the statute.

 The contention now made was not made in the trial court. "Matters not urged before the trial court, including constitutional questions, cannot ordinarily be raised for the first time on appeal." State v. Everett, Iowa, 157 N.W.2d 144, filed March 5, 1968.

In any event the matters raised in the motions have been considered by us and found without merit. Defendant has suffered from no prejudicial error.

III. As noted in Division I, supra, there was testimony that defendant was first seen standing by a 1967 Chevrolet. The activities of defendant and his companions in the area were mentioned. Defendant claims error in admission of any testimony as to the car. There was no error in relating defendant's activities and where they were observed.

There was no error in identifying the automobile around which the men stood and conversed.

The transcript of the evidence shows that defendant's counsel in cross-examination of the police officers thoroughly explored the connection of defendant with the car. The car did not belong to defendant but defendant objected to disclosure of ownership. The objection was sustained.

Defendant's complaint is without merit.

IV. Defendant was charged by county attorney's information. Chapter 769, Code of Iowa authorizes prosecution on information as well as on indictment. Defendant challenges the constitutionality of this chapter as violative of his rights under the Fifth Amendment to the United States Constitution.

As we said in Kotek v. Bennett, 255 Iowa 984, 988, 124 N.W.2d 710, 712, these arguments "have been previously advanced and rejected by both state and federal courts." (Citations) We need not repeat the analysis of the problem. See also Nelson v. Bennett, 255 Iowa 773, 775, 123 N. W.2d 864 and Hoskins v. Bennett, 256 Iowa 1370, 1376, 131 N.W.2d 510.

V. We find no reversible error.

The case is

Affirmed.

All Justices concur, except BECKER, J., who concurs in the result.