Albert Charles WESSLING, Appellant,

v.

John E. BENNETT, Warden, Appellee.

No. 19472.

United States Court of Appeals
Eighth Circuit.

May 15, 1969.

---

William D. Guthrie, Webster City, Iowa, for appellant.

William A. Claerhout, Asst. Atty. Gen. of Iowa, Des Moines, Iowa, for appellee. Richard C. Turner, Atty. Gen. of Iowa, on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is a timely appeal by Albert Charles Wessling, hereinafter called defendant, from final order of the District Court denying his petition for writ of habeas corpus. The petition attacks the validity of a state court conviction and sentence of thirty years imposed March 14, 1966. Defendant was tried by a jury and found guilty on a County Attorney's information charging breaking and entering, in violation of § 708.8 of the Iowa Code, on December 22, 1965. Upon the basis of an information charging defendant was an habitual criminal under § 747.1 of the Iowa Code, a jury was impaneled and found defendant to be an habitual criminal. The maximum penalty under § 708.8 is ten-years imprisonment. The finding with respect to prior convictions under the habitual criminal statute increased the permissi-

ble punishment to forty-years imprisonment. Upon appeal to the Iowa Supreme Court, the conviction and sentence were affirmed. State v. Wessling, 150 N.W.2d 301.

Defendant in his petition filed in the federal District Court raised the issues relied upon on this appeal, which are hereinafter set out. The petition for writ of habeas corpus was denied by Judge Hanson, who heard this case. The factual background and the basis for the denial of the writ are fully and fairly set out in Judge Hanson's opinion. Wessling v. Bennett, 290 F.Supp. 511.

Inasmuch as the factual background is fully set out in the opinions of the Iowa Supreme Court and Judge Hanson's, we will not repeat the facts in detail here.

Defendant upon this appeal asserts that he is entitled to a reversal and to a writ of habeas corpus for his release for the following reasons:

"I. The Fifth Amendment requirement of presentment to a grand jury and indictment for an infamous crime is protected in the Fourteenth Amendment.

II. The Iowa habitual felon statute denies equal protection under the Fourteenth Amendment and further imposes cruel and inhuman punishment.

III. The Sixth Amendment requirement that the accused be informed of the nature and cause of the accusation is within the Fourteenth Amendment guarantees and requires that the accused be informed before trial of the habitual felon charge so that he may know the extent of the penalty demanded.

IV. The trial violated due process because of the improper admission of evidence procured by unreasonable search and seizure, improper by receiving evidence of tacit admissions based on silence and by permitting conviction on wholly circumstantial evidence without instructing thereon where the circumstantial evidence wholly failed to support a conviction."

We find that no federal constitutional right of the defendant has been violated and that the order denying the petition for habeas corpus should be affirmed. We will discuss the issues raised in the order above stated.

## I.

██ The right of a state to prosecute a felony charge on the basis of an information drawn and filed in conformity with state law is clearly established. There is no support for defendant's position that state felony charges can be based only upon an indictment. Hurtado v. California, 110 U.S. 516, 538, 4 S. Ct. 111, 292, 28 L.Ed. 232; Moore v. Henslee, 8 Cir., 276 F.2d 876, 878; Kotek v. Bennett, 255 Iowa 984, 124 N.W. 2d 710, 712.

## II.

██ The Iowa recidivist statute is not violative of any federally protected constitutional right of the defendant. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446; Davis v. Bennett, 8 Cir., 400 F.2d 279; State v. Wessling, 150 N.W.2d 301.

## III.

Defendant places principal reliance upon his contention that his constitutional rights were violated because he was not arraigned on the recidivist charge and that he was not notified in any way of the existence of such charge prior to his trial and conviction on the breaking and entering charge. Three informations were filed against the defendant relating to the breaking and entering charge. The first information, filed October 14, 1965, and the second information, filed December 9, 1965, are identical as to charge and are limited to the breaking and entering charge. The other information, filed on December 9, contains the same language as the other informations and goes on to charge that the defendant is an habitual felon under § 747.1 by reason of two described prior felony convictions.

As the Iowa Court explains in its opinion affirming the conviction, the Iowa Legislature in 1965 amended its recidivists statutes to provide for a two-stage trial, postponing the reception of evidence on prior convictions until after verdict on the primary charge. Section 769.6 of the Iowa Code provides for the filing of an information including the offense charged and the prior convictions making the recidivist provision applicable and a supplemental information containing only the new charge, with no mention of the prior convictions, and that only the information not containing the recidivist charge shall be read to the jury prior to conviction. Such statutory provisions were doubtless the cause for the multiple informations filed in this case.

Defendant does not challenge the validity of his arraignment on the breaking and entering charge or his voluntary plea of not guilty thereto. He makes no claim that he did not have full knowledge that he was being tried for such offense.

Defendant does vigorously deny arraignment upon or knowledge of the recidivist charge prior to his conviction on the primary charge. It is his contention that he first learned of the habitual criminal charge after his conviction upon the primary offense. Defendant was represented by competent counsel who was provided with copies of all informations filed and was aware of their contents. Defendant was late in appearing for his arraignment on the informations filed on December 9 but arrived in the courtroom while proceedings with respect thereto were still in progress. There is evidence that defendant was arraigned upon all informations. The trial court did not expressly resolve the issue of whether defendant was present at the arraignment on the informations filed December 9. The trial court decided the case upon the assumption that defendant had no knowledge of the recidivist charge prior to conviction by the jury on the breaking and entering charge.

Defendant urges that he was prejudiced by lack of knowledge of the recidivist charge prior to his conviction because he was advised by his counsel that the County Attorney had offered to dispose of the charges against him by accepting a plea of guilty to a charge of attempted breaking and entering, which carries a five-year penalty. Defendant's testimony is that he might possibly have accepted the offer if he had been aware of the recidivist charge.

Judge Hanson determined that the defendant had no federally guaranteed constitutional right to be informed of the habitual criminal charge prior to his conviction on the primary charge. Such determination is supported by controlling authority.

The Supreme Court has uniformly held that allegations of prior convictions under recidivist statutes do not charge a separate and distinct crime but bear only upon the permissible punishment. Oyler v. Boles, supra; Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683; Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917.

In Davis v. Bennett, supra, this court had occasion to consider the constitutional problems arising out of the Iowa recidivist statute. We held, citing numerous supporting Iowa authorities, that the Iowa Supreme Court has consistently held that the Iowa recidivist statute does not create a separate and distinct offense but is merely relevant in determining the penalty to be imposed should a conviction be obtained on the primary charge. We further held, "There is nothing in the due process clause which prevents the State of Iowa from making this construction." 400 F.2d 279, 281.

The West Virginia statute involved in Oyler v. Boles, supra, provided for invoking the increased penalty provided by the recidivist statute by filing an information as to the prior crimes after conviction and before sentence. In upholding the conviction and increased punishment, the Supreme Court observes that the habitual criminal statutes do not create a separate offense and that the habitual criminal determination is essentially independent of the determination of guilt on the underlying substantive offense, and states, "If West Virginia chooses to handle the matter as two separate proceedings, due process does not require advance notice that the trial on the substantive offense will be followed by an habitual criminal proceeding." 368 U.S. 448, 452, 82 S.Ct. 501, 504.

The Supreme Court in Spencer v. Texas, supra, observes that methods of handling recidivist statutes vary greatly from state to state. At p. 568 of 385 U.S., at p. 656 of 87 S.Ct., mention is made of state statutes which provide for the institution of habitual criminal proceedings after the conviction on the new offense. In upholding the various means employed to implement the habitual criminal statutes, the Court holds, "It would be a wholly unjustifiable encroachment by this Court upon the constitutional power of States to promulgate their own rules of evidence to try their own state-created crimes in their own state courts, so long as their rules are not prohibited by any provision of the United States Constitution, which these rules are not."

The Iowa Supreme Court on defendant's direct appeal rejected all constitutional attacks upon defendant's conviction and sentence, stating:

"In spite of defendant's novel, vehement but unsound claim that he refused to submit his person to the jurisdiction of the court for sentencing after conviction of a felony, the court's procedure was pursuant to statute." 150 N.W.2d 301, 311.

The Iowa informations may be amended by leave of court and it has been held that an information under the habitual criminal statutes may be amended after conviction on the primary charge. State v. Houston, Iowa, 158 N.W.2d 158, 162.

In any event, habeas corpus relief is available to a state prisoner only upon the ground that he is in custody in

violation of the constitution, laws or treaties of the United States. 28 U.S. C.A. § 2254(a); see 28 U.S.C.A. § 2241(c) (3).

In Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770, the Court holds, "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."

In Snowden v. Hughes, 321 U.S. 1, 11, 64 S.Ct. 397, 402, 88 L.Ed. 497, the Court states, "Mere violation of a state statute does not infringe the federal Constitution. * * * A construction of the equal protection clause which would find a violation of federal right in every departure by state officers from state law is not to be favored."

In Gryger v. Burke, supra, the Supreme Court answered a contention that the sentencing judge misconstrued the Pennsylvania recidivist statute as follows:

> "We are not at liberty to conjecture that the trial court acted under an interpretation of the state law different from that which we might adopt and then set up our own interpretation as a basis for declaring that due process has been denied. We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." 334 U.S. 728, 731, 68 S.Ct. 1256, 1258.

■ Defendant of course must be given reasonable notice of the recidivist charge prior to the hearing upon such issue and must be given a fair hearing thereon. The rule is thus stated in Oyler v. Boles, "Nevertheless, a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense." 368 U.S. 448, 452, 82 S.Ct. 501, 504.

It is established that the defendant obtained full knowledge of the habitual criminal charge no later than December 29, 1965. A jury trial on the issue of defendant's prior convictions was held on March 8, 1966. Defendant was present in court during such hearing and was represented by counsel of his own choice. The fact that he chose to rely on lack of jurisdiction and refused to participate actively in the proceeding is not material to the issue before us.

■ Our holding that defendant had no federal constitutional right to be informed of the habitual criminal charges prior to his conviction is dispositive of the issue here under consideration and hence no necessity exists for determining whether the defendant in fact had knowledge of the recidivist charges prior to his conviction and whether, if he had no such notice, he was prejudiced. The issue of whether the procedure followed is authorized by state law is irrelevant on the federal due process issue.

### IV.

Defendant's additional claims of denial of due process set out at his point IV hereinabove have been carefully examined and found to be without merit. Such claims were fairly considered by the Iowa Supreme Court and again by Judge Hanson. Judge Hanson in his reported opinion has adequately demonstrated that defendant was not denied due process in any respect in the trial resulting in his conviction.

The judgment dismissing the petition for writ of habeas corpus is affirmed.